THE STATE OF IOWA v. JOSEPH F. NEUBAUER, Appellant.

Criminal law: CONFESSION: ADMISSIBILITY.   Where there is no sug-
gestion in the evidence that a defendant was induced to make a
statement concerning his connection with the offense charged,
his direct and positive confession is admissible in evidence, even
though he had no attorney present at the time.

**Same:** OPINION EVIDENCE. The belief of a witness concerning the mental condition of one accused of crime, without reciting any facts on which it is based, is inadmissible.

**Same:** EVIDENCE OF MENTAL CONDITION. Proof of a defendant's talk, demeanor and condition while under arrest was properly excluded, where counsel made no statement as to what he expected to show by the witness as bearing on defendant's mental condition, either at the time the crime was committed, or at the time of the trial.

**Same.** Proceedings before a board of insanity, had subsequent to the crime charged and before indictment, and which were subsequently revoked, are inadmissible for the purpose of showing defendant's mental condition, either prior thereto or at the time of the trial.

**Same.** The record of proceedings before commissioners of insanity inquiring into the mental condition of Jessie F. Neubauer, are not admissible in a criminal prosecution to show the mental condition of Joseph F. Neubauer, in a criminal prosecution against him.

**Same.** Evidence as to whether defendant acted usual or unusual, how he appeared and what he said and did several days before the trial, was properly excluded, in the absence of any statement that it was expected the evidence would show defendant's insanity. And a statement that the witness had a talk with defendant after his arrest when "he did not realize anything" was properly stricken, as not tending to show his mental condition either at the date of the crime or at the time of the trial.

**Same:** EVIDENCE OF DISTINCT OFFENSES. Where the evidence of defendant's confession tending to show distinct offenses was admitted without objection, and the confession was applicable to either offense, he was not entitled to have the evidence stricken out after the State had rested.

**Same:** WITHDRAWAL OF EVIDENCE: INSTRUCTIONS. Where the State elected to rely on one of two lascivious acts which the testimony tended to establish, the court properly instructed the jury to consider the evidence as to the other and prior acts as tending only to show the lascivious and lewd disposition of defendant, instead of withdrawing the evidence so far as it related to other acts.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, JANUARY 11, 1910.

DEFENDANT was indicted for willfully, unlawfully, and feloniously committing lewd, immoral, and lascivious acts upon the body and private parts of a male child under the age of thirteen years, to wit, of the age of eleven years, with intent of arousing his own passions and those of said male child, contrary to the provisions of the statute. Code Supp. 1907, section 4938a. From a conviction under said charge, the defendant appeals.—*Affirmed.*

*J. H. Crosby, B. L. Wick,* and *Lewis Heins,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

McCLAIN, J.—The direct evidence of the commission of the act charged was furnished by the testimony of the boy, then twelve years of age, upon whom the offense was charged to have been committed, and certain statements made by defendant to the chief of police and city detective who held the defendant under arrest. There is practically no conflict in the evidence, defendant not having testified as a witness, and the conviction must be sustained, unless some error of law prejudicial to the defendant was committed in rulings on the introduction of evidence or in the instructions to the jury.

I. The statements made by the defendant soon after he was arrested and in the presence of the officers holding him under arrest amounted to a direct and positive confession of guilt. As there was no suggestion in the evidence that any influence was exercised by the officers upon the defendant to induce him to make a statement, the confession was properly received. *State v. Storms,* 113 Iowa, 385; *State*

1. CRIMINAL LAW: confession: admissibility.

*v. Peterson,* 110 Iowa, 647; *Rufer v. State,* 25 Ohio St. 464. It appears that on being brought before the officers under arrest defendant said he had no attorney and wanted one, and that no attorney was present representing him when his confession was made. But as there is nothing in the record to indicate that the officers held out any inducement to defendant to make a statement, or employed any compulsion or artifice in securing it, we cannot see how the absence of an attorney representing the defendant, when he voluntarily proceeded to make a confession of his own guilt, can be regarded as affecting its admissibility.

II. It is contended that the court excluded evidence which, if admitted, would have tended to show that at the time of making his confession defendant was not in his right mind, but we find no support in the record for such contention. The detective testified that, at the time the statement was made, he observed defendant's condition and appearance, and that he appeared "about the same as he does at the present time."

The chief of police, as a witness for the prosecution, having testified as to defendant's statements in his presence, said on cross-examination that he observed defendant's condition at the time, and that "he did not appear extraordinarily nervous and excitable, no more than usual in an examination of that kind." He was then further asked whether he had not told the brother of defendant that he thought defendant was insane, and that an information should be filed to secure an investigation of that question by the commissioners of insanity. An objection to the question was sustained. But the belief of the witness, without any showing of facts on which it was based, would be wholly immaterial.

2. SAME: opinion evidence.

III. Being called as a witness for defendant, the chief of police was asked whether he observed the talk, demeanor, and condition of defendant while in his presence

under arrest. Prior to this time counsel for defendant had

3. SAME:
evidence
of mental
condition.

stated to the court that they would rely upon the record of the commissioners of insanity, which they would subsequently offer and introduce for the purpose of showing the mental condition of the defendant as found by that commission, and that the court therefore had no jurisdiction. The court thereupon sustained an objection to the question put to the chief of police as calling for incompetent, irrelevant, and immaterial testimony in view of the statement and concession of counsel. The question asked of witness was properly interpreted by the court as relating to defendant's mental condition as bearing upon his guilt or the jurisdiction of the court to try him, and not as having any reference to the competency of his confession, and counsel for defendant made no statement as to what was proposed to be proven by the witness, so that he plainly acquiesced in the court's assumption. Counsel for defendant did not state what they proposed to prove by the witness that would have a bearing on the question of sanity at the time of the alleged commission of the crime, nor did they offer to show that defendant was not in such mental condition at the time of trial that he should not be tried. If counsel had offered any evidence tending to show, or had made any claim for defendant, that he was not of sound mind when put on trial, the court could, and no doubt would, under the provisions of Code, section 5540, have investigated that question; but we find nothing in the record which would have justified the court in suspending the ordinary procedure of the trial for the purpose of making an investigation as to defendant's mental condition at that time.

There was an offer in evidence for defendant of what is called the "Insane Record" of the county "with reference to the filing of information in the matter

4. SAME.

of Jesse F. Neubauer, who is the defendant in this case." The record thus offered purported to

show that on October 22, 1908, which was a date subsequent to the commission of the alleged crime and prior to the indictment of defendant, an information of insanity, sworn to by W. A. Neubauer, was filed in the clerk's office, representing "that one Jesse F. Neubauer, now in said county, is insane and a fit subject for custody and treatment in the hospital for the insane," and that afterward, on a date in October not given, the commissioners of insanity on examination, and after the hearing of witnesses, found that "said Jesse F. Neubauer is insane and is a fit subject for custody and treatment in the insane hospital," and it was ordered that he be committed to the hospital at Independence. A warrant of admission to the hospital at Independence for Jesse F. Neubauer was issued on the 23d of that month. But it further appears by the record that on the afternoon of the 23d the board of insanity commissioners ordered that the commitment be withheld pending further investigation of the commissioners, and on October 30th the board heard further and other evidence, and found that Jesse F. Neubauer was not insane and ordered his discharge. As will be seen, it does not appear whether the warrant of commitment to the hospital signed by the clerk, purporting to be by the order of the commissioners, was prior or subsequent to the action of the board ordering that the commitment be withheld pending further investigation. We see no reason to doubt the power of the board to reconsider its action prior to the issuance of an order of commitment to the hospital, and in view of the fact that there was no commitment in fact, and that the board at a subsequent adjourned meeting specifically found Jesse F. Neubauer not to be insane, we reach the conclusion that the trial court properly excluded the offer of the record. The record would not tend to show insanity at the time the crime was committed, nor, taken as a whole, would it tend to show that at the time of the trial a condition of insanity existed.

But the record was wholly incompetent and inadmissible for a reason which counsel for defendant did not in argument seek to explain or avoid, although attention is called thereto by an amendment to the abstract; such reason being that the information, finding, and order of commitment related to Jesse F. Neubauer, while the defendant was indicted and tried under the name of Joseph F. Neubauer. There is no suggestion anywhere in the record that the Jesse F. Neubauer referred to in the proceedings before the commissioners of insanity was the same person as the defendant, and we can not entertain any such presumption. The court did not err, therefore, in refusing to receive in evidence the record as to the proceedings before the commissioners of insanity.

5. SAME.

IV.  The sister of defendant, called as a witness in his behalf, testified that she and defendant lived in the same house about the time the crime was committed, and that she saw him daily and observed his actions, and that he was overworked and nervous. She was then asked whether or not for several weeks or months prior to the 22d day of October, 1908, she observed defendant's actions, and whether they were usual or unusual, and how he appeared, and what he said and did. This question was objected to for the state on the ground that it called for incompetent, irrelevant, and immaterial testimony, and for the opinion and conclusion of the witness. Thereupon the court excused the jury from the room, and heard a statement by counsel for defendant as to the purpose of the offered evidence, and then entered its ruling, as follows: "The objection will be sustained; counsel for defendant stating that they rely upon the record of the commissioners of insanity of this county, which they will subsequently offer and introduce for the purpose of showing the mental condition of the defendant as found by that commission, and that this court has no jurisdiction." After this ruling was made, counsel for defendant

6. SAME.

again asked the witness whether the actions of defendant
for several months prior to his arrest were such as to at-
tract her attention and that of the members of the family,
and an objection to this question was also sustained. There
was no statement that the testimony of the witness, if re-
ceived, would tend to show that defendant was insane, and
there was no error, therefore, in sustaining the objection.

The witness testified that she saw and talked with de-
fendant after his arrest, and that "he did not realize any-
thing." This answer was properly stricken out as not tend-
ing to show defendant's condition, either at the time of his
alleged commission of the crime, or at the time he was
being tried.

A brother of the defendant, having testified that he
observed the actions, condition, talk, and demeanor of de-
fendant during the fall and summer of 1908, was asked to
state to the jury how he acted and how he appeared. This
question was objected to as calling for incompetent and
immaterial testimony "in view of the statements and con-
cession of counsel for defendant heretofore made." The
objection was properly sustained for the reasons already
indicated with relation to like offer of testimony on the
part of defendant's sister.

V. In the brief and argument of counsel for defend-
ant, it is urged that the state was permitted to introduce
evidence of various distinct crimes at diverse times with
diverse persons, and a reversal is asked on
this ground. No such objection was made
during the introduction of the testimony for
the prosecution; but, after the state had rested its case,
counsel for defendant moved that the testimony of the chief
of police as to the statements made in his presence by de-
fendant be excluded, for the reason that the testimony
given by the witness had reference to alleged other acts and
other circumstances distinct from the offense charged in
the indictment. There are several reasons why the court

7. SAME:
evidence of
distinct
offenses.

could not properly sustain such motion. The prosecuting witness had testified without objection to two distinct transactions, and the state had not been asked to elect which of these it would rely upon for conviction, and the statements of defendant to which the witness had testified were applicable to either of them. The confession was admissible as a whole, and therefore the defendant was not entitled to have it stricken out, although it did tend to show other crimes of the same character as that of which defendant was finally convicted.

The principal objection made on this ground is, however, that, after the state had elected to rely on one of the two transactions which the evidence for the prosecution tended to establish, the court, instead of withdrawing from the jury the consideration of the evidence so far as it related to any other transaction than that on which the state relied, instructed the jury that they might consider testimony as to other and prior acts of the defendant of the same general character with the prosecuting witness, "if any have been shown, and his admissions, if any there be, as tending alone to show the lascivious and lewd disposition of the defendant." This court has said, in *State v. Vance,* 119 Iowa, 685, that, in a prosecution for lewdness, where the defendant admits that if the acts charged were in fact done they were designedly done, it is error to admit evidence of other similar acts done in the presence of other persons for the purpose of showing intent. But in the case before us there was no attempt to prove similar acts done with other persons, nor was there any admission that the act on which the prosecution relied, if done, was with design and with a lascivious purpose. In a prosecution for rape, we have said that: "When the issue is as to criminal intimacy between persons of the opposite sex, the evidence of prior acts of indecent familiarity is competent as tending to show an antecedent probability. They have a tendency to show

8. SAME: withdrawal of evidence: instruction.

a breaking down of all safeguards of self-respect and modesty, and a general preparation for the offense." *State v. Trusly,* 122 Iowa, 82. And in *State v. Carpenter,* 124 Iowa, 5, which was also a prosecution for rape, the case last cited is followed; the court saying: "This is a well-known exception to the general rule regarding testimony as to other offenses. The court properly instructed the jury as to the effect to be given to this evidence, saying that it should only be considered on the question of the defendant's intent in doing the acts complained of, if he did them." In the case of *State v. Crouch,* 130 Iowa, 478, also a prosecution for rape, these two cases are cited with approval to the statement that "previous conduct of defendant tending to show a lascivious disposition on his part toward the prosecutrix is admissible in a prosecution for a sexual offense." The rule thus announced with reference to the crime of rape is certainly applicable in principle to the crime here charged, and the court committed no error in its instruction in relation to the testimony tending to show that defendant had previously been guilty of lascivious conduct towards the prosecuting witness.

Finding no error in the record, the conviction is *affirmed.*