STATE OF IOWA, Appellee, v. WILBUR MARVIN, Appellant.

CRIMINAL LAW: Evidence—Other Offenses—Impossible Innocent Intent. The rule which, under some circumstances, permits the introduction, on the issue of intent, of evidence of distinct, independent, and substantive acts other than those embraced in the indictment, and with a different person, does not apply *when the intent charged cannot be an innocent intent;* and the reception of such testimony is reversible error even though the court withdraws the testimony, and distinctly cautions the jury not to give it consideration. So held under a prosecution under Sec. 4938-a, Code Supp., 1913.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

MARCH 4, 1924.

DEFENDANT was indicted for the crime of lewdness, as defined by Section 4938-a, Code Supplement, 1913. Upon a plea of "not guilty," trial was had to a jury, and upon a verdict of "guilty," judgment was entered, in conformity to law. Defendant appeals.—*Reversed.*

*W. C. Rayburn, F. M. Bechly, Guy S. Calkins,* and *C. C. Putnam,* for appellant.

*Ben J. Gibson,* Attorney-general, and *R. W. Boyd,* County Attorney, for appellee.

DE GRAFF, J.—The instant indictment charges lewd, immoral, and lascivious acts with Dessie Roop, a girl under the age of thirteen years. The primary error relied upon for a reversal involves the ruling of the trial court in admitting evidence of other distinct, independent, and substantive acts of a similar nature, unrelated in time to the offense charged, and, if committed, were committed upon a different girl.

It appears that the State was permitted to show, over proper objections, certain lewd and lascivious acts committed by the defendant on a ten-year-old girl by the name of Lillian Kimble. On the day following its admission, the court, on its own motion, withdrew from the jury all of the testimony of the Kimble girl with reference to the improper conduct between the defendant and said girl, and the jury was instructed not to consider the testimony of said witness with reference to the acts of the defendant with said girl. If error was committed by the court in the admission of this testimony, was the error cured by withdrawing same from the consideration of the jury?

The indictment charged a crime in which the intent with which the act was done could not be innocent. It charged a crime in which not only the statutory intent is inferable, but every other intent is necessarily excluded. The intent inheres in the act itself. This testimony does not fall within the fairly well defined exception making admissible testimony of other similar offenses. The defendant sustained no relation to the prosecuting witness from which an innocent intent on his part could possibly be drawn. As said in *State v. Weaver*, 182 Iowa 921:

"The act was of such an immoral, lascivious, and indecent character as to conclusively show the debased and licentious condition of defendant's mind. From the facts shown, not only is the intent defined by the statute inferable, but every other intention is necessarily excluded."

Did the withdrawal of the questioned testimony from the consideration of the jury cure the error of its admission in the first instance? We think not, and the reason is obvious. The evidence would leave in the minds of the jurors the impression of the defendant's proneness to do such things, and the knowledge which the jury had received in relation to the acts of the

defendant with another girl could not be erased by a mere direction on the part of the trial court, when it was determined that such evidence should be held inadmissible.

In *People v. Hunter*, 218 Mich. 525 (188 N. W. 346), a question of this character was asked, but was unanswered. It was, however, "an attempt to make evidence of a distinct and similar offense." The court said:

"It is true, the question was not answered; but it was one of those questions which, coming from a public prosecutor, had its weight, and would ordinarily leave a strong impression upon a jury. The question was improper, inadmissible, and harmful to defendant."

In the instant case, the Kimble girl was the State's first witness, and this in itself made her testimony a distinct feature of the case. As remarked by Dean Wigmore, there could be but one tendency and one effect of such testimony, and that is "to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation, irrespective of guilt of the present charge." 1 Wigmore on Evidence (2d Ed.), Section 194. See, also, *State v. Friend*, 151 Minn. 138 (186 N. W. 241); *State v. Greco*, 7 Boyce (Del.) 140 (104 Atl. 637).

For the reasons indicated, the defendant must be granted a new trial, and the judgment entered is, therefore,—*Reversed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.