STATE OF IOWA, Appellee, v. OSKER DERRY, Appellant.

CRIMINAL LAW: Appeal and Error—Review—Disputed Question of
1. Fact. The appellate court will not, in a criminal case, disturb a
verdict based on a fair, disputed question of fact. (See Book of
Anno., Vol. 1, Sec. 14010, Anno. 91 *et seq.*)

CRIMINAL LAW: Appeal and Error—Unargued Assignment of Error.
2 Unargued assignments of error will be deemed waived. (See Book of
Anno., Vol. 1, Sec. 12869, Anno. 81 *et seq.*)

CRIMINAL LAW: Trial—Cautionary Instructions—Conviction of Guilty
3 and Acquittal of Innocent. It is not improper to instruct, in sub-
stance, that, although the good of society requires that crime be
surely and promptly punished, it is equally important that the inno-
cent be protected.

CRIMINAL LAW: Evidence—Similar Offenses—Election—Instructions
4 in Re Intent. When the State, after introducing evidence tending
to establish several distinct offenses of a non-continuing nature in-
volving a specific intent, elects to rely upon one distinct transaction,
the court may very properly instruct the jury that the remaining
transactions of the same kind may be considered on the issue of
intent. (See Book of Anno., Vol. 1, Sec. 13897, Anno. 134 *et seq.*)

CRIMINAL LAW: Trial—Instructions—General and Indefinite Excep-
5 tions. Non-specific exceptions to instructions will be disregarded.
(See Book of Anno., Vol. 1, Sec. 11495, Anno. 21 *et seq.*)

Headnote 1: 17 C. J. p. 264. Headnote 2: 17 C. J. p. 212. Headnote
3: 16 C. J. p. 960 (Anno.) Headnote 4: 16 C. J. p. 856. Headnote 5:
16 C. J. p. 1071; 17 C. J. p. 86 (Anno.)

Headnote 1: 2 R. C. L. 193. Headnote 2: 2 R. C. L. 178. Headnote
4: 62 L. R. A. 353; 8 R. C. L. 202. Headnote 5: 14 R. C. L. 809.

*Appeal from Marion District Court.*—W. G. VANDER PLOEG,
Judge.

JUNE 21, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Defendant was indicted and convicted for the crime of lewd and lascivious acts, as defined and made punishable by Section 13184, Code of 1924. From the judgment entered on the verdict, he appeals.—*Affirmed.*

*Johnson & Teter,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, *J. B. Hockersmith,* County Attorney, and *Norman R. Hays,* for appellee.

DE GRAFF, C. J.—The instant indictment is based on a statute which, in substance, provides that "any person over 18 years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of 16 years or under, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, or of corrupting the morals of such child, shall be punished" as provided in said statute. Section 13184, Code of 1924.

It is shown that the defendant is more than 18 years of age, and the girl involved was about 13 years old.

I.    There is no imperative reason to detail the record facts in this opinion. We feel that this is true although the primary contention of the appellant involves the sufficiency of the evidence to sustain the verdict. It is sufficient to state that, with respect to the lascivious acts charged, two girls affirm, and the defendant denies. It is true, as claimed by appellant, that a verdict of guilty in a criminal case will not be permitted to stand when it is against the clear weight of the evidence. It is also true, as claimed by appellee, that this court will not interfere with the verdict of the jury when there is a material conflict in the evidence. This court will not substitute its conclusions upon the facts for those of a jury that has returned a verdict of guilty, unless it appears from the whole record that there is such a want of support for the finding as will require a reversal. *State v. Hessenius,* 165 Iowa 415.

1. CRIMINAL LAW: appeal and error: review: disputed question of fact.

We discover nothing in the record which tends to indicate that the verdict is the result of passion or prejudice. It is no fault of the administration of criminal justice that an act of the character charged is repulsive to a decent-minded person. The nature of the offense does not raise the inference that the evidence inflamed the minds of the jury or caused reason to leave its throne.

The trial court guarded the interests and rights of this defendant by an instruction to the jury in which it is said that, although the good of society requires that crime be surely and promptly punished, it is equally important that the innocent be protected, and, "if you entertain a reasonable doubt as to the guilt of the defendant, you should not for a moment allow any consideration or motive to deter you from acquitting him; that you should lay aside all feeling of bias, if any you have, and bring to the consideration of all the evidence in the case your cool, deliberate, and dispassionate judgment."

Absolute certainty of the guilt of the defendant is not required in any criminal case; and, if all the evidence, when fairly considered, justifies the verdict returned, it is not our function to interfere.

There was a direct conflict in the testimony. The credibility of the witnesses was for the jury. As said in *Graham v. Chicago & N. W. R. Co.*, 143 Iowa 604:

"The testimony of a witness may be so impossible and absurd and self-contradictory that it should be deemed a nullity by the court."

This is, in effect, a limitation on the jury to determine and foreclose the credibility of a witness, but it finds no application to the case at bar. We deem further opinion unnecessary on the first proposition of appellant.

II. Complaint is lodged against several instructions given by the trial court, but argument is made to only two of the instructions. Under Rule 30 of this court, any error relied upon

2. CRIMINAL LAW: appeal and error: unargued assignment of error.

for reversal not argued in the argument in chief shall be deemed to have been waived. Rules are made for observance, and we therefore give attention to the errors assigned which are argued.

The cautionary instruction heretofore mentioned, by which the rights of the defendant were attempted to be safeguarded, is

challenged. We read the argument of appellant in vain to dis-
cover a basis for legal criticism. It is urged that
the quoted instruction "added fuel to the flame,
and that there is no evidence in the record
upon which to base any such instruction." This
objection is purely hypercritical. We have fre-
quently held that a cautionary instruction does not constitute
reversible error; and, in the light of the argument of appellant
on the sufficiency of the evidence to sustain the verdict, it is
obvious that the defendant would be in a better position to com-
plain on account of the absence of such an instruction, rather
than its presence.

*3. CRIMINAL LAW: trial: cautionary instructions: conviction of guilty and acquittal of innocent.*

Complaint is also lodged against Instruction 11, in which
reference is made to the fact that, at the close of the testimony
on the part of the State, the court sustained defendant's motion
requiring the State to elect on what particular
act it would rely for a conviction, and that the
State did elect to rely upon the act alleged to
have occurred at the home of the defendant
sometime in the month of June, 1924.

*4. CRIMINAL LAW: evidence: similar offenses: election: instructions in re intent.*

The foregoing recital is a part of the history of the trial.
The indictment charged that the act occurred on or about the
10th day of June, 1924, and the evidence disclosed that occur-
rences happened in May, June, and July of that year. The
instruction was so framed to show that the State relied for a
conviction upon an act alleged to have been committed sometime
in the month of June. The crime charged is not a continuing
offense; and, although evidence of these various acts is admis-
sible, it is the general rule that the State is required to elect, on
motion, upon which offense it will rely.

In referring to and explaining the ruling on the motion to
elect, the trial court instructed that, in order to find the de-
fendant guilty of either the crime charged or the included of-
fense of assault, it must be founded upon the act alleged to have
occurred sometime in the month of June; and, although it is not
necessary that the exact date be shown, a conviction, under this
election, can only be had upon the act alleged to have occurred
at this one time. The jury was further told, and correctly so,
that the testimony with reference to any other acts may be con-
sidered only for the purpose of aiding in determining, "if it

does aid you in determining, what the intent of the defendant was at the time of the alleged act under consideration, and for no other purpose.''

It is difficult to discover a basis for the criticism of this instruction. Surely, in the light of the ruling on the motion, the jury was entitled to know its meaning, and no prejudice could result to the defendant in placing the limitations upon the effect of the evidence as to other acts which were part of the record before the jury. The instruction is plain, and the jury would have no difficulty in understanding and applying the limitation to the evidence before it.

III. Certain instructions were requested by the defendant and refused by the court. An examination of the record shows that no exceptions, as required by statute, were saved by the appellant. Any party may take and file exceptions to either the instructions given or refused, ''within five days after the verdict in the cause is filed, or within such further time as the court may allow, and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions requested and refused, and the grounds of such exceptions.'' Section 11495, Code of 1924.

5. CRIMINAL LAW: trial: instructions: general and indefinite exceptions.

In the instant case, the exceptions saved are general. They do not state specific grounds of exception and error. The statutory rule contemplates that some definite statement, which will direct the attention of the trial court to the complaint made, must be so worded that the court may readily know ''where to search in the law, if minded to search.'' *State v. Gibson,* 189 Iowa 1212. See, also, *State v. Alderman,* 187 Iowa 244. However, it is a sufficient answer to the contention of appellant on the refusal to give the requested instructions, that the instructions given to the jury fully and satisfactorily cover the subject-matter of the requested instructions.

By reason of the nature of the crime charged and the propositions urged by appellant, we have given the record a critical reading. We conclude that the defendant had a fair and impartial trial, and with the verdict of the jury we discover no

ground for interference. Wherefore, the judgment entered is—
*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.