STATE OF IOWA, appellee, v. ROBERT C. KINKADE, appellant.

No. 47640.

(Reported in 43 N.W.2d 736)

AUGUST 1, 1950.

REHEARING DENIED NOVEMBER 17, 1950.

Daniel J. Gallery, of Winterset, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Robert O. Frederick, County Attorney, for appellee.

SMITH, J.—The errors assigned do not require a description of the alleged acts. Their character as coming within the ban of our statute (section 725.2, Code of 1950) is unquestioned. They were testified to by the child herself, defendant's stepdaughter, age ten, corroborated in part by her mother's brother who was an eyewitness from some distance. No serious claim is made that a directed verdict was required. The defendant testified in his own behalf denying the criminal nature of his conduct with his stepdaughter and describing what he claimed did in fact transpire. The sheriff told of admissions made to him by defendant after arrest, not materially different however from defendant's own testimony. Eight character witnesses testified in defendant's behalf.

Eighteen errors are assigned. Nearly all relate to one legal proposition, viz., the admissibility of testimony of similar conduct of defendant with said child on former occasions. The question was raised by objections to the testimony when it was offered, motion to strike it at close of all evidence, motion for new trial and objection to instructions.

The indictment alleges the date of the conduct complained of as "on or about" June 29, 1949. The child testified to similar

acts the week before; also on several other occasions, the exact number and times being unspecified.

After the court overruled defendant's motion to strike the testimony of these previous occasions he moved to require the State to elect which offense it relied on. This motion being sustained the State announced it would "stand or rely upon the offense stated in the indictment, to wit: June 29, 1949."

Thereupon defendant moved for a directed verdict but declined to argue it and it was overruled. No error is predicated upon this ruling.

■ I. Of course the general rule in criminal cases excludes evidence of other offenses. In some cases however such evidence is admissible to show the act in question was intentional, rather than accidental, and that it formed a part of a series of similar occurrences in each of which defendant participated. State v. Baugh, 200 Iowa 1225, 206 N.W. 250. The scope and limitations of the exception are stated in State v. Clay, 220 Iowa 1191, 1197, 264 N.W. 77.

■■ In cases involving the offense charged here it is ordinarily held the intent may be inferred from the nature of the act itself and that proof of separate and distinct acts of a similar nature is unnecessary. State v. Rounds, 216 Iowa 131, 248 N.W. 500, citing State v. Marvin, 197 Iowa 443, 197 N.W. 315; State v. Weaver, 182 Iowa 921, 166 N.W. 379; People v. Hunter, 218 Mich. 525, 188 N.W. 346. We have held inadmissible testimony of other conduct of a defendant with other persons, when defendant admitted on the trial that if the act for which he was on trial was done at all it was not accidental or unintentional or inadvertent. State v. Vance, 119 Iowa 685, 94 N.W. 204.

■ The Rounds, Marvin and Weaver cases, supra, all involved attempts to show conduct with persons other than the one named in the indictment on trial. In the Rounds case it was held the acts sought to be shown "were so closely related in time and circumstance" with the acts charged that the testimony was admissible. 216 Iowa at page 134. Language from State v. Robinson (a rape case) 170 Iowa 267, 276, 152 N.W. 590, 593, is quoted in the Rounds case in support of the admissibility of such testimony "where the acts are all so closely related, in point

of time and place, and so intimately associated with each other that they form one continuous transaction." In the Marvin and Weaver cases the evidence was held inadmissible.

In State v. Derry, 202 Iowa 352, 355, 356, 209 N.W. 514, where the trial court admitted testimony of other similar acts with the same child named in the indictment, required the State (on defendant's motion) to elect on what particular act it would rely, and instructed the jury that the purpose of the testimony of other acts was to aid in determining the intent of the defendant, we upheld the instruction.

In one Iowa decision in a case of the kind before us here we squarely held similar acts with the same child could be shown. State v. Neubauer, 145 Iowa 337, 345, 346, 124 N.W. 312. In the cited case the State, on the court's order sustaining defendant's motion to that effect, elected on which transaction it would rely.

Defendant here relies strenuously on People v. Smittcamp, 70 Cal. App. 2d 741, 161 P.2d 983. That decision is by an intermediate appellate court. In it defendant was charged in three counts—in one with statutory rape and in the others with lewd and lascivious acts with two girls under fourteen years of age. He was convicted on the latter two and appealed from an order denying him a new trial.

The opinion concedes that evidence of "other acts" is admissible in prosecutions for sexual offenses, but only as *corroborative* evidence. It also concedes the prosecutrices, being under fourteen years of age, could not be accomplices and that their testimony required no corroboration on that account. But it does hold, in effect, that because of the youth of the prosecutrices and the weak nature of their testimony some corroboration was nevertheless necessary and that a prosecutrix could not corroborate her own testimony as to the offense charged by testifying that other similar offenses had been committed on other occasions.

It is apparent that in the Smittcamp case the approach of the court to the problem is quite different from that of our own court. It would seem the opinion does somewhat ignore the decision of the California Supreme Court in People v. Troutman, 187 Cal. 313, 201 P. 928, but we need not press that suggestion.

We think the court here committed no error in admitting the testimony, in requiring the State to elect and in instructing the jury that because the other acts were with the prosecuting witness and "of the same general character as those claimed to have been committed on June 29, 1949," the testimony could be considered for its bearing "if any, as tending to show the lascivious and lewd disposition of the defendant."

II. Complaint is made of an instruction that permitted conviction if the jury found defendant committed the act "with the intent of arousing, appealing to, or gratifying his lust * * * or with the intent of corrupting the morals of" the prosecutrix, using the disjunctive "or" whereas the indictment used the conjunctive "and." The statute (Code section 725.2) uses the disjunctive as did the instruction. We think the indictment however properly pleaded the offense so as to charge the intent both ways rather than alternatively. Strict rules of pleading forbid the pleading of material facts in the alternative. 49 C. J., Pleading, 97; 41 Am. Jur., Pleading, sections 41, 42, 43.

We are not to be understood however as holding here that the indictment would have been bad if the word "or" had been used instead of "and." We merely hold the instruction as given was proper. The indictment did not require proof of both alternatives.

III. What we have said disposes of defendant's further contention that the county attorney was guilty of misconduct in questioning the prosecutrix and cross-examining defendant as to similar acts on other occasions. Since we hold the testimony competent there was no misconduct in eliciting it.—Affirmed.

All JUSTICES concur.