STATE OF IOWA, appellee, v. EMIL SCHLAK, appellant.

No. 50369.

OCTOBER 17, 1961.

Joseph L. Phelan, of Fort Madison, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and R. N. Johnson, County Attorney, Lee County, for appellee.

THORNTON, J.—The defendant was convicted of committing a lewd act upon the body of a female child under 16 years of age, he being over 18 years of age, contrary to section 725.2, Code of Iowa, 1958.

The sole error relied on for reversal is the admitting in evidence of prior distinct and independent offenses of a similar nature upon persons other than the prosecuting witness. The names of the witnesses and the substance of their testimony relating to the distinct offenses of a similar nature were attached to the indictment. The defendant raised the question by motion before trial. During the trial defendant objected to the evidence because it showed another crime and it was too remote as to time and place. The trial court in its instruction limited the consideration of the evidence of similar offenses to show the act charged was intentional rather than accidental, or to show motive, or to establish identity.

The prosecuting witness testified she was 15 years old and lived in Keokuk, on September 18, 1960; at about 4 p.m. she was walking north on Fourteenth Street in the City of Keokuk in the vicinity of a junior high school accompanied by a schoolmate of the same age when the defendant drove by in his car and waved, he stopped his car across the street, walked over into their path, spoke to the girls and as the prosecuting witness started to walk by him he put his arm around her waist, released her as a car went by, put his arm around her waist a second time and put his other hand on her breast, he squeezed and had a good grip on her breast for a few seconds. The girl struggled and got away from him, she ran to a near-by house. Defendant ran to his car and left at a fast speed. The girls got the license number of the car. The police were called. Later on the same day the girls identified defendant at the police station. The girl friend's testimony was to a like effect.

The first similar offense testified to was related by two girls 14 years old and to some extent by a lady living in the home in front of which this occurrence took place. The testimony is, while these two girls were walking along Twelfth Street in Fort Madison on their way home from a show at about 9 p.m. on April 29, 1960, defendant drove up near them, got out of his car, greeted the girls, started to walk along with them and then put his arm around one of the girls, the girls told him they did not want him there and to get in his car, he kept walking with them, one girl hit him in the forehead with her purse, he backed away and asked, "Well, what's wrong?", he backed away to his car and the girls ran to the lady's front porch. The two girls and lady were able to get the license number of the car as he drove around the block and past the house a second time. Both girls identified defendant as the man who accosted them, one testified to his license number as did the lady.

The second similar offense was testified to by a young girl, 14 years old at the time of the trial and nine at the time of the alleged offense. The offense occurred in September of 1955 on State Highway 16 about two miles from Denmark, Iowa. The girl was riding her bicycle from a driveway onto the highway, a car was parked there, the man in it spoke to her, she rode over to the car, the man got out of the car, he started to say something, he grabbed for her and she screamed. She then testified, "and he sort of jumped back like he thought, 'Well, what did you scream for?'" She further testified he grabbed her off the bike, he reached for her and tried to pull her pants down. She screamed and hit him. When a car came along he got in his car and drove off. The sheriff was called, later the same week the sheriff brought the man, evidently to the girl's home, and she identified him. And she testified the man was in court and was the defendant.

I. The State concedes the general rule that one crime cannot be proved by proof of another, but contends the evidence here is admissible as one of the exceptions to the general rule and urges, as stated in State v. Vance, 119 Iowa 685, 687, 94 N.W. 204:

"Evidence as to other offenses is competent to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, and (5) the identity of the person charged with the commission of the crime on trial."

This is the rule in other crimes as well as sex crimes. State v. Linzmeyer, 248 Iowa 31, 79 N.W.2d 206. The question of admissibility of such evidence is, is it material and relevant, does it tend to prove the particular offense or an essential element thereof? State v. Linzmeyer, supra, and State v. Triplett, 248 Iowa 339, 79 N.W.2d 391.

II. In prosecutions under section 725.2 this court held in State v. Marvin, 197 Iowa 443, 197 N.W. 315; State v. Weaver, 182 Iowa 921, 166 N.W. 379; and State v. Kinkade, 241 Iowa 1259, 43 N.W.2d 736, intent may be inferred from the nature of the act itself and that proof of separate distinct acts of similar nature is unnecessary. In Marvin and Weaver showing similar acts with others than the prosecuting witness was held reversible error. In Kinkade the testimony showed a number of similar acts with the same child over a short space of time. The State was required to elect which offense it relied on. This court held it was not error to allow the jury to consider the other acts as tending to show the lascivious lewd disposition of the defendant. See also State v. Neubauer, 145 Iowa 337, 345, 124 N.W. 312, 316. In State v. Leuty, 247 Iowa 251, 73 N.W.2d 64, a prosecution for incest, we held attempts to show other similar acts with another person required a reversal because the defendant did not have a fair and impartial trial.

III. The similar acts shown here are not admissible to show intent. This is clear from the act done. However, the motive, the desire to gratify his lustful desire by grabbing or fondling young girls is shown. And the other similar acts with other girls is admissible for that purpose, see State v. Knox, 236 Iowa 499, 18 N.W.2d 716, as well as to show the identity of the accused. Evidence that the same man had on prior occasions accosted young girls where they were likely to be (this refers to the alleged offense in April 1960) coupled with the

license number tends to refute his claim he was not there. See annotation, 77 A. L. R.2d 841, and annotation, 167 A. L. R. 565.

■ IV. Both the April 1960 and the September 1955 offenses are admissible to show the lewd disposition and identity of defendant if they are not too remote in time and place. We hold they are not too remote as to place. The home of defendant is Fort Madison, the site of the April 1960 offense. Keokuk is the site of the crime charged, these cities are 25 miles apart. The September 1955 offense occurred near Denmark, nine miles north of Fort Madison. The area within which the alleged offenses occurred is not more than 35 miles. Today it cannot be said 35 miles is remote.

■ V. The question as to time is different. Three and a half months elapsed between the April 1960 offense and the crime charged. Courts generally hold where the similar act does show disposition and identity such a length of time is not too remote. Annotation, 77 A. L. R.2d 841. And depending upon the circumstances shown in the evidence remoteness in time is committed to the discretion of the trial court, and the length of time affects the weight rather than the admissibility. 22A C. J. S., Criminal Law, section 683, page 744. However, there is a point beyond which such remoteness may not go. We have examined the cases cited by the State together with the cases cited in the annotations in 77 A. L. R.2d 841 and 167 A. L. R. 565 and we do not find a lascivious acts case, or a case involving a similar sexual offense where testimony of a similar offense with a person other than the prosecuting witness occurring five years before the crime charged has been held admissible. Materiality and relevancy tend to lessen as the length of time increases and the prejudice to the defendant becomes greater. This is particularly true where the disposition and identity of defendant are in issue. Both may change. Further, the burden of defending against such a remote charge is increased to the prejudice of the defendant. Its tendency to inflame and prejudice the jury outweighs its evidentiary value. State v. Nicks, 134 Mont. 341, 332 P.2d 904, 77 A. L. R.2d 836, and annotation, 77 A. L. R.2d 841.

■ The evidence of the similar offense with a person other

than the prosecuting witness during September 1955 was inadmissible because it was too remote in time. The judgment is reversed and the case remanded for a new trial.—Reversed and remanded.

GARFIELD, C. J., and OLIVER, HAYS, THOMPSON and PETERSON, JJ., concur.

LARSON and SNELL, JJ., dissent.

BLISS, J., not sitting.