STATE of Iowa, Appellee,

v.

Joseph Raymond MAESTAS, Appellant.

No. 57242.

Supreme Court of Iowa.

Dec. 18, 1974.

Porter, Heithoff, Pratt & Reilly, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Des Moines, and Lyle A. Rodenburg, County Atty., Council Bluffs, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of committing lewd and lascivious acts in the presence and upon the body of a child under 16 years of age in violation of § 725.2, The Code, 1973. He was tried twice on the charge, the first trial resulting in the jury being discharged because it was unable to reach a verdict, the second trial resulting in a verdict of guilty. Defendant was sentenced, and now appeals. We affirm.

The evidence adduced at trial concerning the specific offense with which defendant was charged consisted solely of the testimony of Vivian Maestas, defendant's 12-year old daughter. Vivian testified that on the night of October 10, 1973, defendant entered her bedroom and began to "feel her all over", then removed his own clothing, got into bed with her and proceeded to masturbate. Following a similar incident on October 12, Vivian reported the incidents to the police. She was subsequently placed in a foster home. Defendant testified at trial and denied Vivian's testimony in its entirety.

Vivian testified at trial to other such incidents which took place over the course of several years prior to October, 1973. Two of Vivian's older sisters also testified that defendant had sexually molested them on a number of occasions when they were living in the home, the last incidents in which they were involved having occurred six and ten years before, respectively. Vivian's older sisters did not testify in the first trial.

Defendant contends the trial court committed reversible error in: (1) overruling his demurrer to the county attorney's information attacking § 725.2, The Code, 1973, as unconstitutional for vagueness and overbreadth; and (2) permitting into evidence testimony that defendant had engaged in sexual activity with the two older sisters of the complaining witness.

█ I. Following the dismissal of the first jury on February 22, 1974 the cause was rescheduled for trial and a jury was empaneled and sworn on March 5, 1974, but trial did not commence until March 19, 1974. In the interim between the empaneling of the second jury and the actual commencement of trial on March 15, 1974, defendant filed his demurrer attacking the county attorney's information on the grounds § 725.2, The Code, 1973 was unconstitutional due to vagueness and overbreadth.

In his demurrer defendant contended the statute violated the First and Fourteenth Amendments to the United States Constitution for the reason it was so vague and overbroad as to fail to give fair notice to the average person of what it prohibited.

Several procedural questions are raised by the State, principally the contention defendant waived his constitutional objections to § 725.2 when he failed to file his demurrer attacking the statute until ten days

after the jury empaneled to try the case had been sworn, as is required by § 773.3, The Code. The constitutionality of the statute was not assailed by the defendant prior to or during the conduct of the first trial.

Under our pronouncement in State v. Ritchison, Iowa, 223 N.W.2d 207 (opinion filed November 13, 1974), it is patent defendant's demurrer was not timely. He was required to challenge the constitutionality of § 725.2 at the earliest available opportunity in the progress of the case.

We therefore conclude plaintiff's contention the constitutional question was not timely raised is correct, and therefore hold defendant failed to preserve any error for review under this assignment.

II. In his remaining assignment of error defendant contends trial court erred in permitting into evidence the testimony of Vivian's married sisters, Darlene and Virginia (surnames deleted), concerning acts of sexual misconduct and actual intercourse committed on both of them by defendant. At time of trial, Darlene was 21 years of age and Virginia was 20.

Darlene was permitted to testify that her father, the defendant, had sexual intercourse with her on many occasions, the first when she was ten or twelve years of age. She testified the incidents of intercourse continued over a period of about a year until she ran away from home and was eventually placed in a foster home. It would appear, therefore, she was testifying to matters which had occurred some ten years prior to the time of trial.

Virginia was permitted to testify her father had had intercourse with her several times (she did not recall the exact number), the last such incident having occurred six years prior to the time of trial.

In its instructions to the jury, trial court submitted a cautionary instruction informing the jury the evidence defendant engaged in other acts similar to that with which he was charged could not be considered as evidence defendant actually committed the act for which he was being tried, but such testimony was admissible only to show a lustful disposition and desire on the part of defendant.

Under this assignment several issues arise: (1) whether evidence of prior sexual misconduct on the part of defendant with persons other than the complaining witness is admissible to show a lustful disposition and desire on defendant's part in a criminal action charging him under § 725.2, The Code, with committing lascivious acts on the body or in the presence of a child; (2) whether such evidence, although not admissible for that purpose, is nonetheless admissible as evidence of "other crimes", showing a common scheme on the part of defendant embracing the commission of several crimes so related that proof of one tends to prove the other; and (3) whether such evidence, if admissible on one or the other of the foregoing grounds, should nonetheless have been excluded in the instant case because the prior incidents occurred at a time so remote as to have no probative force or value.

We have held that in a prosecution under § 725.2, The Code, trial court may properly admit testimony as to similar acts of misconduct by defendant *with prosecutrix* for the purpose of showing his lascivious and lewd disposition. State v. Kinkade, 241 Iowa 1259, 1261–1262, 43 N.W.2d 736, 738; State v. Neubauer, 145 Iowa 337, 345–346, 124 N.W. 312, 315. See also State v. Rankin, 181 N.W.2d 169, 171 (Iowa 1970). For a general exposition on this question, see Annot. 167 A.L.R. 565, 617. In an earlier line of cases we held, however, that evidence of such conduct on the part of a defendant with persons *other than the prosecutrix* is inadmissible for that purpose in a prosecution for the commission of lewd and lascivious acts. State v. Marvin, 197 Iowa 443, 197 N.W. 315; State v. Weaver, 182 Iowa 921, 166 N.W. 379. More recently we departed somewhat from the stricter rule of *Marvin* and *Weaver*, intimating evidence of similar acts on the part of defendant with

persons other than the prosecutrix may be admissible in a prosecution under § 725.2, The Code, to establish the identity of the defendant and a lewd disposition on his part. State v. Schlak, 253 Iowa 113, 116–117, 111 N.W.2d 289, 291–292. In *Schlak* we emphasized that such evidence could be admitted only if it consisted of testimony concerning acts not too remote in time and place, and held acts committed five years before the incident giving rise to the charge were too remote in time, while acts committed two months prior were not.

■ We have held evidence of "other crimes" is admissible to show a common scheme embracing the commission of two or more crimes, and in the context of alleged sexual offenses "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place". State v. Wright, 203 N.W.2d 247, 251 (Iowa 1972). This comports with the general rule "evidence of other criminal acts is usually competent and admissible to prove the accused's identity, knowledge, intent, and motive [and his] common criminal scheme or plan * * *". See 29 Am. Jur.2d, Evidence, § 321, p. 369, and Iowa cases there cited.

Clearly, the testimony of Darlene and Virginia established the commission of "other crimes" and acts of sexual misconduct similar to that with which defendant was charged, and thus could arguably have been properly admitted for one or the other purposes listed above, i. e., to show defendant's common scheme or lewd disposition. The ultimate question upon which the admissibility of the testimony of Darlene and Virginia turns is whether evidence of defendant's sexual misconduct occurring six and ten years prior to the date of the incident giving rise to the instant prosecution was too remote so that whatever probative value it might have had was outweighed by its prejudicial impact.

*Schlak, supra,* is supportive of a determination the prior incidents testified to by Darlene and Virginia were not "too re-mote" in place, as all the incidents occurred in defendant's home.

■■ In resolving the question whether the incidents were too remote in time we are guided by our holding in State v. Engeman, 217 N.W.2d 638 (Iowa 1974), at page 639:

"An objection based on remoteness essentially raises an issue of relevancy. 'While remoteness in point of time does not necessarily render evidence irrelevant, it may do so where the elapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof.' 1 Jones on Evidence, § 4:1 at 380 (Sixth Ed. 1972). The basic test of relevancy is whether the evidence offered would make the desired inference more probable than it would be without the evidence. * * The question of relevancy, and thus the effect of remoteness, is determined by the sound discretion of the trial court."

See also State v. Mathias, 216 N.W.2d 319, 322 (Iowa 1974); Harrison v. Ulicki, 193 N.W.2d 533, 536 (Iowa 1972); State v. Clark, 187 N.W.2d 717, 720 (Iowa 1971); State v. Slauson, 249 Iowa 755, 88 N.W.2d 806; 22A C.J.S. Criminal Law § 638, page 500 *et seq.* As we said in *Schlak, supra:*

"And depending upon the circumstances shown in the evidence remoteness in time is committed to the discretion of the trial court, and the length of time affects the weight rather than the admissibility." (See page 117 of 253 Iowa, page 292 of 111 N.W.2d.)

■ We believe the facts of this case, and particularly the intrafamilial nature and similarity of place of defendant's misconduct, compel the conclusion the evidence of defendant's prior acts was not too remote in time under the *Engeman* standards. In reaching that conclusion we are not unmindful of our holding in *Schlak,* and do not depart therefrom, but rely heavily on the unique factual circumstances of this

case not present there. The testimony of Vivian's sisters was of strong probative force establishing defendant's lewd disposition and common scheme to exploit his daughters each time the occasion arose as they attained pubescence. In considering remoteness the time elapsed between events, while important, is not the sole test to be used. Accordingly, we find the probative value of the testimony was sufficient to outweigh its prejudicial impact on defendant and hold trial court did not abuse its discretion in admitting it into evidence. Defendant's contention otherwise is without merit.

This case is therefore affirmed.

Affirmed.