**STATE of Iowa, Plaintiff-Appellee,**

v.

**Reuben Warren RICHARDSON, Jr., Defendant-Appellant.**

**No. 85–1128.**

Court of Appeals of Iowa.

Nov. 26, 1986.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and Virginia D. Barchman, Asst. Co. Atty., for plaintiff-appellee.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SNELL, Presiding Judge.

On November 20, 1984, a man later identified as the defendant entered a service station in Davenport, Iowa, and requested a pack of cigarettes from the attendant, Jeffrey Booth. The man then produced a gun and robbed the station attendant of approximately $187. The robber then disassembled the telephone and used the cord to tie Booth's hands behind his back. Three days later, another robbery occurred at the service station. Booth was again working and identified the assailant as the same man who had robbed the station on November 20. During this second robbery, approximately $60 was taken and although the robber spoke of the gun, he did not display it.

On December 27, 1984, the appellant, Rueben Warren Richardson, Jr., was charged with two counts of robbery in the first degree in connection with these robberies. Trial commenced on March 12, 1985, and, two days later, the jury found Richardson guilty of one count of robbery in the first degree and one count of robbery in the second degree.

On April 12, 1985, the court overruled Richardson's combined motions in arrest of judgment and for a new trial, entered judgment on the conviction, and sentenced Richardson to concurrent indeterminate terms of incarceration not to exceed twenty-five years on the first-degree robbery conviction and not to exceed ten years on the

second-degree robbery conviction. A delayed notice of appeal was filed on November 25, 1985.

Richardson presents us with only one issue on this appeal. He argues that the district court abused its discretion in admitting evidence of other crimes at his trial. Specifically, he challenges the admission into evidence of the testimony of Craig Boldt, night auditor of a Davenport, Iowa, Ramada Inn. Boldt testified at trial that on October 8, 1984, two men, one whom he identified as Richardson, entered the Ramada Inn. According to Boldt, the man he identified as Richardson jumped over the counter, pointed a gun, and demanded money. At the conclusion of the robbery, the man detached the telephone cord and tied Boldt's hands. Boldt then testified that on November 25, 1984, Richardson returned alone and again robbed him at gunpoint and tied him with a phone cord.

The district court found this testimony to be admissible under the exceptions to Iowa Rule of Evidence 404(b) for proof of identity and plan. As a part of this ruling, the district court found that the probative value of the testimony was not substantially outweighed by its potentially prejudicial effect. Richardson contends the testimony is irrelevant to both the above-mentioned exceptions to rule 404(b) and that, even assuming its relevance, its prejudicial effect substantially outweighs its probative value.

■ The general rule is that "one crime cannot be proved by proof of another." *State v. Cott*, 283 N.W.2d 324, 326 (Iowa 1979) (quoting *State v. Schlak*, 253 Iowa 113, 115, 111 N.W.2d 289, 291 (1961)). The purpose of the rule is to exclude from the jury's consideration evidence which has no relevancy except to show that the defendant is a bad person and thus likely committed the crime in question. *Id.* This rule is codified as Iowa Rule of Evidence 404(b). *See* Iowa R.Evid. 404(b), federal advisory committee's note. That rule reads as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The exceptions to this rule are based upon the relevancy of certain evidence to the proof of some fact or element in issue other than the defendant's criminal disposition. *Cott*, 283 N.W.2d at 326. The test of admissibility under an exception to rule 404(b) is two-pronged. First, the evidence must be relevant to one or more of the issues for which exceptions are recognized. *State v. Walsh*, 318 N.W.2d 184, 185 (Iowa 1982). Second, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *State v. Munz*, 355 N.W.2d 576, 579 (Iowa 1984).

The district court found the relevancy inquiry satisfied because of the testimony's probative value on the issues of identity and plan. As we believe the court was correct on its analysis under the identity exception, we do not reach its determination of the testimony's relevancy to the issue of plan.

We note that both parties agree that identity was at issue in the trial court. Our supreme court, in *Walsh*, stated the analysis for determining whether evidence of a past crime is relevant to the issue of the identity of the perpetrator of another, more recent, crime. The resolution of that inquiry, according to the *Walsh* court, depends on whether the circumstances surrounding the prior crime are sufficiently similar to those of the more recent crime so that they may be said to point to the defendant as perpetrator of the crime at issue. *Walsh*, 318 N.W.2d at 185. In *Cott*, prior crimes evidence was found admissible on the issue of identity "because of the similarity of the acts involved and the method by which they were accomplished." *Cott*, 283 N.W.2d at 328. In *Walsh*, the test was refined so as to admit evidence of a prior crime upon a showing of "strikingly

similar" circumstances or those of a "unique nature." *Walsh*, 318 N.W.2d at 186.

■ We think the present case presents us with two crimes involving "strikingly similar" circumstances such that the relevancy of the prior crimes evidence to the issue of identity in the present case has been demonstrated. The similarities between the two crimes include the fact that in each, the robber wore no mask and some type of hat. In each, the establishment was robbed at night at a time when other people were unlikely to be present. Each establishment robbed employed only one person at the relevant time period. Each establishment was one which the robber could expect would have readily accessible cash on hand. The size of the gun used by the robber was described as the same by each victim. In each, the robber took the telephone apart to obtain material by which to tie the victim's hand. The material chosen each time was not the straight cord portion of the phone, but the stretch coil cord attached to the receiver. In each, the robber tied the victim with the coil while the victim was seated. Each time the robber tied the victim's hands so loosely that it took very little effort to escape. Finally, in each set of robberies the robber returned to the same business and robbed it again.

We do not agree with Richardson's contention that these similarities are all so commonplace in crimes of this nature that their presence is to be expected. In particular, the use of the phone cord to bind the victims and the repetitive aspects of the offenses point to Richardson as the distinctive perpetrator of both acts.

■ Given our determination of the evidence's relevance, we must next consider and decide whether the district court erred in finding that this relevance is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *Munz*, 355 N.W.2d at 579. For purposes of this balance, "prejudice" relates to the likelihood of an undue tendency to suggest decision on an improper basis. *See* Iowa R.Evid. 403, federal

advisory committee note. In *Cott*, our supreme court adopted the language of Dean Wigmore in summarizing the types of prejudice the rule seeks to avoid as follows:

(1) The over-strong tendency to believe the defendant guilty of the charge merely because he is a likely person to do such acts; (2) The tendency to condemn, not because he is believed guilty of the present charge, but because he has escaped unpunished for other offences; . . . (3) The injustice of attacking one necessarily unprepared to demonstrate that the attacking evidence is fabricated. . . .

*Cott*, 283 N.W.2d at 329–30 (quoting I J. Wigmore, *A Treatise on the Anglo-American System of Evidence in Trials at Common Law* § 194, at 650 (3d ed. 1940)).

Richardson contends that the district court erred on this issue by improperly considering only the testimony's propensity to affect the emotions of the jury. As the properly-understood meaning of "prejudice" in the context of this rule is broader than its emotional component, Richardson alleges the district court's determination in favor of the evidence's admissibility was based upon an erroneous application of the law.

■ Our review of the record convinces us that the district court's understanding of the "prejudice" involved in the admissibility balance under rule 404(b) is broader than Richardson contends. In overruling Richardson's motion in limine during an *in camera* proceeding with counsel, the district court stated the prejudice inquiry to be "whether or not [the evidence] would go to prove that [the defendant is] a bad man, or would be emotional, or for some other reason the jury would be mislead by the evidence. . . ." We think the district court's appreciation of "prejudice" is substantially consistent with the language adopted in *Cott*, and we therefore reject Richardson's contention on this issue. Moreover, we find no error in the result reached by the district court's prejudice/probative value balance as we are unable to say that the trial court's action was

unreasonable in light of attendant circumstances. *Cott*, 283 N.W.2d 324, 329 (Iowa 1979).

AFFIRMED.