**STATE of Iowa, Appellee,**

**v.**

**James Edward ENGEMAN, Appellant.**

**No. 56551.**

Supreme Court of Iowa.

April 24, 1974.

Alan N. Waples, Burlington, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen. and Steven S. Hoth, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

After pleading guilty to a charge of delivery of a controlled substance (LSD) under Code § 204.401(1), defendant sought a reduced sentence as an accommodation offender under Code § 204.410. Trial court found the offense was not an accommodation offense and sentenced defendant accordingly. He appeals and we affirm.

The questions presented are whether trial court erred in admitting three address books in evidence and in finding defendant was not an accommodation offender.

I. *Admitting the exhibits.* Three address books were found among defendant's effects at the time of his arrest. On cross-examination he identified one of them as a book used by him two or three years before the June 14, 1972, offense when contemplating becoming a drug dealer. It contains numerous entries one might reasonably associate with a person so engaged. Next to the name "Sherm" in various places, for example, are such references as "coke-price?", "wants at 8¢—250,000 hits Boston", "wants 1 or 2 lbs hash", "wants 5,500 hits speed—10¢", "has weed—has Coke—wants Quadriles." The

terms "mesc", "MDA", "weed", "coke", "meth", "pot", "downers", "speed" and "black beauties" appear frequently next to names and references to quantity and price. Defendant acknowledged the terms identify kinds of drugs.

Two other books were identified by defendant as current address books. Although they mainly contain only names, addresses, and phone numbers, and no obvious references to drugs, defendant admitted some of the persons named, including "Sherm", are the same as listed in his older book as prospective drug customers. He contends trial court should have sustained his objection to the exhibits based on remoteness.

■ An objection based on remoteness essentially raises an issue of relevancy. "While remoteness in point of time does not necessarily render evidence irrelevant, it may do so where the elapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof." 1 Jones on Evidence, § 4:1 at 380 (Sixth Ed. 1972). The basic test of relevancy is whether the evidence offered would make the desired inference more probable than it would be without the evidence. State v. Mathias, 216 N.W.2d 319 (Iowa 1974). The question of relevancy, and thus the effect of remoteness, is determined by the sound discretion of the trial court. Harrison v. Ulicki, 193 N.W.2d 533, 536 (Iowa 1972).

■ Trial court was justified in finding the challenged exhibits had relevancy on the issue whether defendant's delivery of LSD on June 14, 1972, was an accommodation offense. The current address books contained some of the same names as were in the allegedly older book prepared for use in drug trafficking. The court was not bound to believe defendant's assertion he abandoned his earlier intention to become a drug pusher, and instead could find as it did that the exhibits tended to show

defendant was in June 1972 engaged in the business of selling illicit drugs.

Trial court did not err in overruling defendant's objection to these exhibits.

■ II. *Sufficiency of the evidence.* Defendant contends that because his testimony he sold the LSD only as an accommodation was not controverted, trial court was bound as a matter of law to find the offense was an accommodation sale. We do not agree. The credibility of defendant's testimony was for the trial court, and the court was not obliged to accept it simply because it was not contradicted by other testimony. State v. McGranahan, 206 N.W.2d 88, 93 (Iowa 1973).

Trial court was not bound as a matter of law to find the offense was an accommodation sale.

Affirmed.