**STATE of Iowa, Appellee,**

v.

**Marion Edwin JONES, Appellant.**

**No. 89–1451.**

Supreme Court of Iowa.

Dec. 19, 1990.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Minoo Spellerberg, Student Legal Intern, J. Patrick White, County Atty., and Anne M. Lahey, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Marion Edwin Jones appeals his convictions for assault with the intent to commit sexual abuse without injury and assault. Defendant contends the district

court abused its discretion when it denied his challenge to a prospective juror for cause, and, when it allowed the sexual abuse victim to testify without corroboration about prior instances of sexual abuse committed by defendant against the victim. We affirm.

I. *Background facts and proceedings.* Defendant was charged with one count of sexual abuse in the third degree, Iowa Code §§ 709.4(1), 709.1 & 702.17 (1989), and one count of assault with the intent to commit sexual abuse. Iowa Code § 709.11. The charges relate to defendant's treatment of his 16–year–old stepdaughter. After trial, defendant was found guilty by a jury of lesser offenses of one count of assault with intent to commit sexual abuse without injury, Iowa Code § 709.11, and one count of assault. Iowa Code § 708.2(4).

Defendant appeals, contending that the district court abused its discretion when it denied his challenge for cause of a jury panelist who was an employee at a correctional facility and who believed he recognized the defendant as a former inmate at the correctional facility. Defendant also claims that the district court abused its discretion when it allowed the stepdaughter to testify without corroboration about prior instances of sexual abuse committed by defendant against her.

Additional facts will be stated as the issues are considered.

II. *District court's denial of the challenge for cause.* Iowa Rule of Criminal Procedure 17(5)(e) provides in part:

> A challenge for cause may be made by the state or defendant, and must distinctly specify the facts constituting the causes thereof. It may be made for any of the following causes:
>
> . . . .
>
> *e.* Standing in relation of guardian and ward. . . .

Mr. Bogs, an employee of the Iowa Medical Classification Center at Oakdale, was a member of the prospective juror panel for defendant's trial. During voir dire, Bogs testified, with some uncertainty, that he may have seen defendant as an inmate at Oakdale. Relying on this testimony, defendant challenged Bogs for cause.

Further inquiry into Bog's familiarity with defendant was accomplished outside the presence of the jury panel. The questioning produced an assurance from Bogs that, if he were choosen to serve on the jury, he would be fair and impartial and decide the case based solely on the evidence presented in court.

Based on Bogs' statement that he could be fair and impartial, the court denied defendant's challenge for cause. The court's denial of Jones' challenge for cause to excuse Bogs from the jury panel forced Jones to use his first strike to remove Bogs from the jury panel.[1]

Jones appeals the court's denial of his challenge for cause, contending that the court's ruling was an abuse of its discretion. Jones' position is that the jailer/inmate relationship parallels the guardian/ward relationship and, therefore, Bogs should have been excluded under rule 17(5)(e), which allows a challenge for cause to be made when the guardian/ward relationship exists between a prospective juror and a defendant.

■ We do not find Jones' argument compelling. In construing statutes, we search for the legislature's intent as shown by what it actually said, rather than what it should or might have said. *State v. Hatter,* 414 N.W.2d 333, 337 (Iowa 1987). We may not, under the guise of construction, enlarge or otherwise change the terms of a statute. *Id.*

■ Rule 17(5)(e) lists specific relationships that may exist between jurors and defendants, which, if they exist, allow the court to sustain a challenge to a prospective juror for cause. The jailer/inmate re-

---

1. In this type of criminal case, the state and the defendant each was entitled to six strikes of prospective jurors. *See* Iowa R.Crim.P. 17(9). Defendant exercised all of his strikes during jury selection. *See State v. Beckwith,* 242 Iowa 228, 232, 46 N.W.2d 20, 23 (1951) (prejudice presumed when defendant uses all of his strikes and uses one to remove the challenged juror).

lationship is not a listed relationship in rule 17(5)(e).

Our inquiry, however, is not at an end. Iowa Rule of Criminal Procedure 17(5)(k) provides that a juror may be removed from the jury panel for cause if the juror has formed an opinion as to the guilt or innocence of a defendant and that opinion would prevent the juror from rendering a true verdict upon the evidence submitted at trial. Even under this provision, however, Bogs need not be disqualified. Bogs assured the court that he could be fair and impartial, and could base his decision solely on the evidence presented during the trial.

The district court is given broad discretion in ruling upon challenges for cause. *State v. Winfrey,* 221 N.W.2d 269, 273 (Iowa 1974). The court did not abuse that discretion when it denied Jones' request that Bogs be removed from the jury panel for cause.

III. *Prior instances of sexual abuse.* At trial, the district court allowed the victim to recount prior instances of sexual abuse committed by Jones upon her. Defendant objected to the admission of these prior instances of sexual abuse.

■ Defendant does not argue that prior instances of sexual abuse are never admissible, but rather, he asserts that, in this case, the prior instances of sexual abuse were erroneously admitted because there was not clear proof that he had previously sexually abused the victim. Defendant's position is that clear proof requires evidence corroborating the victim's testimony concerning prior acts of sexual abuse before testimony about the prior acts will be admitted into evidence before the jury.

Iowa Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Our case law establishes that under rule 404(b), evidence of other crimes may be admissible (1) if the evidence is relevant to a legitimate issue involved in the case, and (2) there is clear proof the individual against whom the evidence is offered committed the prior crime. *State v. Roth,* 403 N.W.2d 762, 765 (Iowa 1987).

■ Our clear proof rule exists to prevent the jury from engaging in speculation or drawing inferences based on mere suspicion. *State v. Spargo,* 364 N.W.2d 203, 209 (Iowa 1985). Adding a corroboration requirement to our clear proof rule is not necessary to accomplish the purposes behind the rule when a victim's testimony, standing alone, satisfies the requirement of clear proof. *See, e.g., State v. Maestas,* 224 N.W.2d 248 (Iowa 1974) (victim was allowed to testify about prior acts of sexual abuse without the introduction of any corroborating evidence); *State v. Folkens,* 281 N.W.2d 1 (Iowa 1979) (no corroborating evidence to support the victim's testimony that she had been sexually abused on prior occasions).

The district court determined that the victim's testimony regarding prior instances of sexual abuse constituted clear proof of the acts. We agree. The testimony was sufficiently credible and detailed to inform the jury about the prior acts of sexual abuse. The jury was not put in the position of having to speculate about the prior acts based on mere suspicion.

Because the victim's testimony constituted clear proof of the prior instances of sexual abuse, the district court did not abuse its discretion when it refused to exclude the testimony.

IV. *Disposition.* All other issues raised have been considered, and we find them without merit or unnecessary to discuss. The judgment of the district court is affirmed.

AFFIRMED.