STATE of Iowa, Appellee,

v.

Robert SCHAFFER, Appellant.

No. 93–734.

Court of Appeals of Iowa.

Sept. 16, 1994.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Virginia Barchman, and Thomas H. Miller, Asst. Attys. Gen., for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Robert Schaffer appeals his convictions of two counts of sexual abuse in the second degree. We affirm.

The State charged Robert Schaffer by trial information with two counts of second-degree sexual abuse. Count I concerned A.F., and count II concerned D.S., girls who were ages six and five, respectively, at the time of the abuse. The court granted Schaffer's motion for separate trials. Schaffer later waived his right to a jury trial on both counts.

The abuse of both children allegedly occurred in Schaffer's home while the children were spending the night, although on different nights. A.F. was a friend of Schaffer's stepdaughter, and Schaffer and his wife regularly baby-sat A.F. D.S. is Schaffer's granddaughter. Each child accused Schaffer of placing his hand between their legs as they slept. A.F. also accused Schaffer of touching her upper chest and forcing her to have inappropriate contact with his penis.

After the charges were filed, Schaffer went to the law office of Lee Poppen, the county attorney. He walked in and told Poppen he wished to plead guilty to the charges as the girls had "been through enough." Poppen then began to question Schaffer, eventually asking him whether the allegations were true. Schaffer indicated he touched A.F.'s vagina on more than one occasion but denied inappropriately touching D.S.

Schaffer filed a motion to suppress the statements made to Poppen, arguing they violated his Sixth–Amendment right to counsel. The court granted the motion with respect to the statements made in response to Poppen's questions. It denied the motion with respect to Schaffer's statements made at the initiation of the meeting.

At trial on count II, the court admitted Poppen's testimony regarding his conversation with Schaffer. The State alleges the court admitted this evidence to rebut Schaffer's testimony that he had not sexually abused a child.

In separate findings of fact and conclusions of law, the court found Schaffer guilty on both counts. As to count I, the court stated

it did not consider Schaffer's responses to Poppen's question. As to count II, the court relied upon Schaffer's statements to Poppen in analyzing Schaffer's credibility.

The court denied Schaffer's motion for new trial on both counts. It sentenced Schaffer to up to twenty-five years on both counts and ordered the sentences run concurrently.

■ We first consider Schaffer's claim that the district court erred in denying, in part, his motion to suppress the entire conversation he had with Lee Poppen, the county attorney. Because a constitutional issue is raised, our review is de novo. *Nichol v. State,* 309 N.W.2d 468, 470 (Iowa 1981).

Schaffer argues his Sixth–Amendment right to counsel had attached after the trial information was filed, therefore Poppen should not have listened to nor spoken with him until he had representation. We do not agree.

■ Once a defendant's Sixth–Amendment right to counsel attaches, the State is precluded from attempting to "deliberately elicit" incriminating statements from the defendant, absent the presence of counsel or a valid waiver. *State v. Nelsen,* 390 N.W.2d 589, 592 (Iowa 1986). However, "the sixth amendment is not violated whenever-by luck or happenstance-the State obtains incriminating statements from an accused after the right to counsel has attached." *State v. Ruan,* 419 N.W.2d 734, 737 (Iowa App.1987) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 459, 106 S.Ct. 2616, 2630, 91 L.Ed.2d 364, 384 (1986)). The defendant must demonstrate that the State took some action, beyond mere listening, that was designed deliberately to elicit incriminating remarks. *Id.*

■ The record indicates Schaffer walked into Poppen's office on his own accord and advised Poppen that "he wanted to take care of these matters" and that "he just wanted to plead guilty to the charges because the girls had been through enough." After Schaffer spontaneously made these incriminating statements, Poppen asked Schaffer if he had an attorney. Schaffer replied that he did not. Poppen then proceeded to question Schaffer about the allegations.

It is apparent Schaffer initiated the conversation with Poppen and voluntarily made the above two statements. There was no violation of Schaffer's right to counsel until the time Poppen began to ask Schaffer questions. We conclude Schaffer has failed to demonstrate that the entire conversation should be suppressed. The trial court is affirmed on this issue.

Next, Schaffer contends the trial court erred in admitting evidence from the trial on the charge involving A.F. into the second trial. Evidence as to the offense against A.F. was admitted in the second trial in two forms at two different times. First, the court allowed it in as "other crimes, wrongs, or acts" evidence during the State's cross-examination of Schaffer. Second, the court allowed the State, during its case-in-rebuttal, to use the suppressed portions of the conversation between Schaffer and Poppen to impeach Schaffer's testimony. The suppressed portions of the conversation included Schaffer's admission he had abused A.F.

First, Schaffer claims the evidence surrounding A.F. was not relevant during the second trial because it did not fall within any of the recognized exceptions in rule 404(b). The State contends the evidence regarding A.F. was relevant and was admissible under the "other crimes, wrongs or acts" exception to rule 404(b).

■ On evidentiary issues we review for abuse of discretion. *State v. Aricivia,* 495 N.W.2d 364, 367 (Iowa App.1992). In order to show an abuse of discretion, one generally must show the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* (citations omitted).

■ The admissibility of evidence under rule 404(b) is determined by whether (1) the evidence is relevant to establish a legitimate issue in the case (other than a general propensity to commit wrongful acts); and (2) there is clear proof the individual against whom the evidence is offered committed the prior crime. *State v. Casady,* 491 N.W.2d 782, 785 (Iowa 1992); *State v. Jones,* 464 N.W.2d 241, 243 (Iowa 1990) (citation omitted); *see also State v. Spargo,* 364 N.W.2d

203, 209 (Iowa 1985). Finally, if the evidence is relevant, the court must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Casady*, 491 N.W.2d at 785.

■ Schaffer was asked whether he had ever touched D.S. on the skin between her legs. He replied he had not. Schaffer was then asked whether he had touched *any other child* on the skin between her legs. An objection was made, and the court sustained the objection.

However, the State argued 404(b) allowed it to present other crimes, wrongs, or acts evidence committed by Schaffer for the purpose of showing a common scheme, plan, design, and motive for sexually molesting little girls. The court agreed and changed its ruling since Schaffer testified he had a proper motive for touching D.S.—to check and see if she had wet her pants.

The State repeated its question whether Schaffer had touched any other child. He replied he had not. The State then asked specifically whether he had touched A.F. on the skin between her legs or on her vagina with his hand, to which he replied he had not. Schaffer was asked if he recalled telling Lee Poppen on November 24, 1992, that he had, in fact, touched A.F., on her vagina with his hand. Finally, Schaffer was asked about the photo he took of A.F. where she was partially unclothed.

Evidence of other crimes, wrongs, or acts is not admissible if it is offered to show only that the defendant is a bad person and he/she acted in conformity with those other incidents. Iowa R.Evid. 404(b). However, Iowa recognizes a special exception in sex abuse cases which permits use of prior acts "to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial." *State v. Spaulding*, 313 N.W.2d 878, 880 (Iowa 1981).

We fail to see how the evidence of the abuse of A.F., as presented in the above line of questioning, is relevant as to Schaffer's motive. In our review of the cases involving the special exception, we cannot find a situation similar to the one at bar. *See State v.*

*Tillman*, 514 N.W.2d 105, 108 (Iowa 1994) (evidence of other crime offered to show victim did not consent); *State v. Ripperger*, 514 N.W.2d 740, 748 (Iowa App.1994) (evidence of other crime was relevant to show defendant's identity); *Casady*, 491 N.W.2d at 785 (testimony of prior victim admissible to show intent in current case); *State v. Seevanhsa*, 495 N.W.2d 354, 358 (Iowa App. 1992) (victim's testimony of prior acts of abuse inflicted upon her by defendant admissible); *Jones*, 464 N.W.2d at 243 (victim's testimony of prior instances of sexual abuse committed by defendant upon her is admissible); *State v. Plaster*, 424 N.W.2d 226, 230 (Iowa 1988) (testimony of prior victim relevant to show force by defendant and current victim's lack of consent). It is clear the State attempted to use Schaffer's suppressed admission against him in an effort to prove he committed the abuse against D.S. When Schaffer did not fold, the State asked about the photo Schaffer took of A.F.

■ The State cannot prove one crime by proof of another, especially when the proof of the other crime was suppressed. *See State v. Cott*, 283 N.W.2d 324, 326 (Iowa 1979). We determine the trial court abused its discretion in admitting evidence of the sexual abuse of A.F. to prove Schaffer had a common plan, scheme, design, and motive to commit sexual abuse against D.S.

■ However, we do not believe this error prejudiced Schaffer so as to require reversal of his conviction on count II. The court found the testimony of D.S. was enough to prove, beyond a reasonable doubt, that Schaffer had, in fact, abused D.S. Her testimony that Schaffer threatened to spank her if she told anyone of the abuse was an additional fact which the court used to support its finding that Schaffer had abused D.S. The evidence was erroneously admitted, but it was not, by any means, determinative. Therefore, in light of the other evidence of Schaffer's guilt, we determine this was not reversible error.

Schaffer also argues the court erred in admitting the suppressed evidence during the State's case-in-rebuttal, and then relying

on this suppressed evidence in reaching its verdict in count II.

On rebuttal, the State called Lee Poppen as a witness to impeach Schaffer's testimony that he had never touched any child in an improper manner. Poppen testified as to the entire conversation he had with Schaffer on November 24, 1992, including the suppressed statements.

■■■■■ Our review of the suppression order indicates the court based it on Poppen's failure to give Schaffer his full *Miranda* warning, not on involuntariness in fact, which led to a violation of Schaffer's Sixth–Amendment right to counsel. Statements obtained in violation of *Miranda* are inadmissible for the purpose of proving guilt; however, they may be used to attack a defendant's credibility if he testifies. *State v. Tryon,* 431 N.W.2d 11, 17 (Iowa App.1988) (citations omitted). The evidence was properly admissible during the State's case-in-rebuttal. *See Michigan v. Harvey,* 494 U.S. 344, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990).

In reaching its verdict in the second trial, the court indicated it used the suppressed evidence for the purpose of assessing credibility. The trial court did not err by allowing the State to use Poppen's testimony in an attempt to impeach Schaffer.

Finally, Schaffer contends the court erred in failing to grant his motion for judgment of acquittal. He argues there was insufficient evidence to support the verdict on either charge. We disagree.

■■■■ Our standard of review is for errors at law. Iowa R.App.P. 4. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports guilt. *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980).

■■■■ As to count I, the trial court found A.F. testified clearly and consistently about Schaffer's sexual abuse of her. As to count II, the court found D.S.'s descriptions of Schaffer's activities were sufficiently clear for the court to conclude Schaffer had abused D.S. Viewing all of the evidence in the light most favorable to the State, we determine there was sufficient evidence to convict Schaffer on both counts of sexual abuse in the second degree.

We have carefully considered all Schaffer's claims and find them to be without merit. We affirm the judgment of the district court in its entirety.

**AFFIRMED.**

CADY, J., takes no part.