**STATE of Iowa, Plaintiff–Appellee,**

v.

**Raymond R. ZELIADT, III, Defendant–Appellant.**

No. 95–56.

Court of Appeals of Iowa.

Oct. 31, 1995.

Mark S. Pennington of Kutmus & Pennington, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Mary E. Richards, County Attorney, and Christopher Cooklin, Assistant County Attorney, for appellee.

Considered by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

On April 24, 1994, Renee Reising, while walking on a bike path on the Iowa State University campus, noticed a bicyclist ahead of her. The cyclist turned around and rode toward her. When the cyclist came within two or three feet, Reising noticed he was naked. About five seconds later, she turned and saw his naked buttocks. Reising ran away when the bicyclist turned around and began to approach her again. Reising summoned the police. The police apprehended Raymond Zeliadt, III, on the bike path about twenty minutes later.

The State charged Zeliadt with indecent exposure. Zeliadt filed a motion in limine, seeking to preclude the State from presenting Allison Warner's testimony that she saw him riding nude about eleven months prior to the April 24 incident. The district court denied the motion.

At trial, Reising identified Zeliadt as the nude bicyclist and indicated she believed he had an erection. Zeliadt denied riding naked and insisted he merely had his bicycle suit top pulled down and the legs rolled up to get even tan lines. Zeliadt's roommate testified another of their roommates had ridden his bicycle naked on a prior occasion, but Zeliadt had not.

On rebuttal, the State presented Bobbi Carlson's testimony, without objection, that about two months after the April 24 incident she looked up from sunbathing and saw Zeliadt standing naked, looking at her, and masturbating. The district court also allowed the State to introduce Warner's prior bad act testimony over Zeliadt's objection. The jury found Zeliadt guilty.

Zeliadt appeals.

■ On appeal, Zeliadt contends the district court erred in allowing the testimony of Warner regarding an alleged prior bad act by Zeliadt. The district court's ruling on admissibility will not be disturbed on appeal unless an abuse of discretion is found. *State v. Spargo*, 364 N.W.2d 203, 209 (Iowa 1985). In order to show an abuse of discretion, one generally must show the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)).

Zeliadt's argument includes a number of contentions. Zeliadt argues the evidence was (1) not sufficiently similar to be relevant; (2) too remote to be relevant; (3) lacking clear proof; and (4) unfairly prejudicial.

■ Evidence of prior bad acts is admissible under certain circumstances. Iowa Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence of unnatural sex crimes with other victims is also admissible as an exception to the general rule of 404(b). *State v. Spaulding*, 313 N.W.2d 878, 881 (Iowa 1981). To admit evidence under rule 404(b), the evidence must be relevant and there must be clear proof the individual against whom the

evidence is offered committed the prior acts. *State v. Jones,* 464 N.W.2d 241, 243 (Iowa 1990); *State v. Schaffer,* 524 N.W.2d 453, 455 (Iowa App.1994). In addition, relevant evidence may be inadmissible if the probative value of the evidence is outweighed by the danger of unfair prejudice. Iowa R.Evid. 403.

 Although it is not one of Zeliadt's main arguments, he argues, in passing, that the incident involving Warner was too remote in time to be relevant. Remoteness only renders evidence irrelevant "where the elapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof." *State v. Maestas,* 224 N.W.2d 248, 251 (Iowa 1974) (quoting *State v. Engeman,* 217 N.W.2d 638, 639 (Iowa 1974)). The time elapsed in this case is only eleven months. We find the length of time is not so great as to negate all rational or logical connection. In addition, we note the length of time affects the weight of the evidence rather than the admissibility. *Id.* We find this claim to be without merit.

 Zeliadt's second argument is the incident testified to by Warner was not sufficiently similar to justify the admission of the testimony. Both incidents involved Zeliadt riding his bicycle alone and in the nude. In both instances, Zeliadt was riding past a young woman who was walking alone. We find the differences between the two instances to be minor and insignificant.[1] We find the State's characterization of the two instances as similar and unusual to be appropriate. Prior bad acts evidence with a different victim is properly admitted where the evidence tends to demonstrate a sexual pattern engaged in by the defendant. *See State v. Plaster,* 424 N.W.2d 226, 229 (Iowa 1988) ("[The defendant's] prior sexual conduct toward [a former victim] tends to show the same peculiar and characteristic behavior pattern manifested in the crime charged; consequently, such conduct makes it more probable that [the current victim] was telling the truth."); *Spaulding,* 313 N.W.2d at 881 ("[Evidence that the defendant had also sexually abused the victim's sister] gave consid-

erable credence to the victim's story, and tended to contradict the defendant's claim that the victim may have dreamed the occurrence."); *Spargo,* 364 N.W.2d at 209 ("By pointing out the similarity between defendant's pattern of conduct toward other boys, with whom he allegedly later engaged in sex acts, and his pattern of conduct towards [the current victim], the State hoped to show that his intent with respect to [the victim] was the same as it had been with the other boys. We believe the similarity between the defendant's prior pattern of conduct and the facts of this case is strong enough to justify the conclusion that the trial court did not abuse its discretion in ruling that [the witness'] testimony was relevant...."). We find the district court did not abuse its discretion since the prior bad acts testimony is sufficiently similar.

 Zeliadt's third argument is the testimony involving the Warner incident lacked clear proof. Clear proof of the alleged acts is required when prior bad acts evidence is admitted. *Spargo,* 364 N.W.2d at 209. Clear proof is a lesser standard than beyond a reasonable doubt. *Id.* The clear proof rule is designed to avoid the danger of forcing the jury to engage in speculation. *Jones,* 464 N.W.2d at 243. Corroboration is not necessary to meet the clear proof standard. *Id.*

 In her testimony, Warner testified she lived three townhouses away from Zeliadt and would see him riding his bicycle "maybe every other day." She testified that, on the night of the incident, she saw Zeliadt ride his bicycle past her without any clothes on. She stated that, while it was dark, the street was well lit by the street lights. Warner had the opportunity to view Zeliadt from the side and the back. When she viewed him from the back, she confirmed her belief that Zeliadt was nude and then saw him look over his shoulder at her. Warner testified that, because she had seen Zeliadt previously on numerous occasions, she knew what he looked like and it enabled her to identify him. We find the clear proof requirement was satisfied.

---

1. The differences include the time of day and the location.

**562**

■ Zeliadt's final argument is the probative value of the prior act testimony involving Warner was outweighed by the danger of unfair prejudice. In performing this balancing test, we consider many factors including (1) the actual need for the evidence in view of the issues and the other available evidence, (2) the strength of the evidence showing that the prior bad acts were committed by the accused, (3) the strength or weakness of the prior bad acts evidence in supporting the issue sought to be proven, and (4) the degree to which the jury will probably be roused by the evidence to overmastering hostility and use the evidence improperly. *State v. Coen,* 382 N.W.2d 703, 707 (Iowa App.1985).

■ In considering the above stated factors, we note there was no witness to the crime other than the victim; the probative value of the Warner incident was high given the strength of the testimony as was discussed in the clear proof issue; and the type of prior bad act is not one which would likely rouse the jury to overmastering hostility. In addition, "[r]ule 403 does not provide protection against all evidence that is prejudicial or detrimental to one's case; it only provides protection against evidence that is *unfairly* prejudicial." *Plaster,* 424 N.W.2d at 231. We conclude the probative value of the Warner incident was not outweighed by the danger of unfair prejudice. The district court did not err in admitting the testimony.

Upon consideration of all arguments raised by the parties on appeal, we find the district court did not abuse its discretion in admitting the prior bad acts testimony given by Warner. Accordingly, we affirm Raymond Zeliadt's conviction of indecent exposure.

**AFFIRMED.**