STATE of Iowa, Appellee,

v.

Terry D. ALDERMAN, Appellant.

No. 96–2120.

Court of Appeals of Iowa.

Feb. 25, 1998.

Paul D. Miller of Zimmerman & Miller Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, Richard D. Phillips, County Attorney, and Dana Christiansen, Assistant County Attorney, for appellee.

Heard by HUITINK, P.J., and VOGEL and MAHAN, JJ.

HUITINK, Presiding Judge.

Defendant Terry Alderman appeals from his conviction and sentence, following a jury trial, of first-degree kidnaping and second-degree sexual abuse. We reverse and remand for new trial.

### I.  *Background Facts and Proceedings.*

The record includes evidence Alderman arranged for Stephanie Myers to drive him to a rural Muscatine County residence and assist in moving furniture. While en route, Alderman told Myers to turn onto a unmaintained dirt road. When Myers refused, Alderman grabbed her arm, shoved an object Myers later claimed was a knife into her side, and threatened to harm Myers if she did not cooperate. Myers complied and parked her vehicle in a field access adjacent to the road. Alderman removed Myers' clothing. Although Alderman achieved genital to genital contact, his attempts at intercourse failed. Myers told Alderman "everything would be o.k.," dressed herself, drove Alderman home, and contacted authorities. Although Myers testified a knife was discarded at the scene of the offense, a search of the area produced only a metal cigarette lighter.

Alderman was charged with second-degree sexual abuse and first-degree kidnaping. Prior to trial Alderman filed a motion in limine seeking exclusion of "other crimes, wrongs, or acts" evidence. Alderman's motion included the following:

Defendant does not claim, and has never claimed the victim ever consented to any sex act with him and any sex act alleged by the victim is conceded to be done against her will. As the result lack of consent by the victim is conceded by the defendant so that the introduction of irrelevant or prejudicial evidence on this ground is improper and should be excluded.

Alderman's motion was denied. The court explained its ruling as follows:

I'm going to allow the state's witness to testify that she was aware of the defendant's extensive criminal history, or words to that effect.... I also think that any knowledge she had or even a perception, if it wasn't based on fact, that he abused her mother, led her to fear for her safety. I'm going to let that in, too, specifically to show her state of mind. Now, Mr. Johnston, I'm going to rely on you and the State and my court reporter and myself to perhaps depending on how the testimony comes out, give a limiting instruction at the end of the trial as to how that information is to be used by the jury. In other words, to indicate to the jury that information is not offered—not intended as any evidence that he actually committed the crime charged here, but rather it is to be considered by them solely to consider the victim's state of mind.

The reason I'm going to let that in is one for her state of mind, but also because I think it helps explain why, she didn't resist.

I think the state is entitled to explain why their main witness acted the way she acted.

And then again, I'm going to allow you to argue, again my understanding was also that I would entertain at the end of the trial a specific instruction indicating to the jury that they are not to consider the issue of prior bad acts as any indication of whether your client committed this crime, but rather to show only the victim's state of mind.

The reason I would let it in is because I think it's important to show her state of mind, because one of the things that's go-

ing to be clear to this jury is that she did not resist in a physical way, and I think they're going to wonder about that. I think they're going to speculate on that and I also don't want to get to the closing argument stage and have you inject something into the case that isn't there about why didn't she resist, or anything like that. I don't want any implication of consent, if you're not arguing that....

[Counsel for defense]: I'm not arguing consent....

I understand what you're saying. I still think a jury might wonder why this woman didn't physically resist and I think she's entitled to tell them.

At trial, Myers testified as follows:

Counsel: Why would you think that about Terry Alderman?

Myers: Because he's hurt people in the past.

Counsel: Including your mother?

Myers: Including my mother.

* * *

Counsel: Were you still afraid of Terry Alderman?

Myers: I was very afraid of Terry Alderman.

Counsel: For the same reasons we talked about before?

Myers: Yes, because he's a violent person.

Counsel: What did you feel about his threat now that he no longer had the knife in his immediate possession?

Myers: I knew I was still very threatened, I knew he had beaten my mother and I knew he could easily beat me.

* * *

Counsel: Was there anything unusual in his demeanor or in his actions, other than the content of what he was doing to you?

Myers: No.

Counsel: Nothing remarkable?

Myers: No. I had never seen him violent like that, but I knew that he could be....

Alderman, consistent with the assertion made in his motion in limine, limited his defense to the factual sufficiency of the evidence to prove more than confinement inci-

dental to the conceded nonconsensual sex act. Alderman also denied using a knife during the assault.

A jury returned guilty verdicts on both charges. At sentencing, the district court merged the two offenses and sentenced Alderman to life in prison on the kidnaping charge.

On appeal, Alderman contends the district court improperly admitted evidence of his other crimes, wrongs, or acts. He disputes the State's theory the evidence was offered to show Myers' state of mind. Alderman argues the testimony was irrelevant, because he stipulated in his motion in limine that any sex act with Myers was performed against her will. He also argues the unfair prejudice of this evidence substantially outweighs its probative value. In addition, Alderman challenges the sufficiency of the evidence supporting his conviction and the effectiveness of trial counsel.

## II. Other Crimes, Wrongs, or Acts Evidence.

■ On evidentiary issues we review for an abuse of discretion. *State v. Aricivia,* 495 N.W.2d 364, 367 (Iowa App.1992). In order to show an abuse of discretion, one generally must show the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

■ Evidence of other crimes, wrongs, or acts evidence is not admissible to prove a person's bad character or that the person has acted in conformity therewith. Iowa R.Evid. 404(b). The recognized exceptions to the general rule of exclusion include proof of a sex abuse victim's state of mind. *State v. Bayles,* 551 N.W.2d 600, 605 (Iowa 1996) (victim's familiarity with defendant's prior crimes admitted to explain victim's submission or agreeable manner as not indicative of consent).

■ Other crimes, wrongs, or acts evidence is admissible if (1) the evidence is relevant to establish a legitimate issue in the case, and (2) there is clear proof the individual against whom the evidence is offered committed the prior acts. *State v. Schaffer,* 524 N.W.2d 453, 455 (Iowa App.1994). Commis-

sion of prior acts need not be established beyond a reasonable doubt. *State v. Spargo,* 364 N.W.2d 203, 209 (Iowa 1985) (citations omitted). The purpose of the clear proof rule is to prevent jury speculation or inference drawn on mere suspicion. Corroboration of other crimes, wrongs, or acts is not required. *State v. Jones,* 464 N.W.2d 241, 243 (Iowa 1990). Relevant evidence may nevertheless be excluded if the probative value of the challenged evidence is outweighed by the danger of unfair prejudice. Iowa R.Evid. 403; *State v. Wade,* 467 N.W.2d 283, 284 (Iowa 1991).

■ The record contains less than adequate support for either predicate to admissibility of Alderman's prior misconduct. Alderman conceded any sex act with Myers was nonconsensual. He denied using a knife and argued he was not guilty of kidnaping because Myers' confinement was no more than incidental to the conceded sexual abuse. The State's theory of admissibility fails because consent was not a disputed issue at trial. Moreover, Myers' bald assertion that Alderman was a violent person who hurt other people, including her mother, lacks sufficient intrinsic factual detail to satisfy the clear proof requirement for admissibility. The district court's contrary conclusions were erroneous.

■ Even if the requirements of clear proof and relevancy were met, the probative value of Myers' testimony was substantially outweighed by its unfair prejudice.

'Unfair prejudice' is an undue tendency to suggest decisions by the fact finder based on an improper basis, often an emotional one. Unfairly prejudicial evidence is evidence which appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [which] may cause a jury to base its decision on something other than the established propositions in the case. The appellate court may conclude that 'unfair prejudice' occurred because an insufficient effort was made below to avoid the dangers of prejudice, or because the theory on which the evidence was offered was designed to elicit a re-

sponse from the jurors not justified by the evidence.

*State v. Brown,* 569 N.W.2d 113, 117 (Iowa 1997) (citations omitted).

In making this determination, we consider the following factors:

(1) the actual need for the evidence in view of the issues and the other available evidence, (2) the strength of the evidence showing that the prior bad acts were committed by the accused, (3) the strength or weakness of the prior bad acts evidence in supporting the issue sought to be proven, and (4) the degree to which the jury will probably be roused by the evidence improperly.

*State v. Howell,* 557 N.W.2d at 912 (quoting *State v. Zeliadt,* 541 N.W.2d 558, 562 (Iowa App.1995)).

The State claims no need for Myers' testimony beyond its relevancy to consent. We accordingly fail to see the probative value of Alderman's prior uncharged misconduct if there was no need for its admission. The prejudice the general rule of exclusion seeks to avoid includes (1) overly strong tendency to believe the defendant guilty because he is likely person to commit the offense charged and the jury's tendency to convict not because the defendant is guilty of present offense, but because the defendant escaped punishment for other offenses. *State v. Cott,* 283 N.W.2d 324, 327 (Iowa 1979). Evidence of Alderman's violent character and uncharged violence toward others is exactly the kind of unfair prejudice referred to in *Cott.* We hold the district court's admission of this testimony was an abuse of discretion.

"[T]here are some contexts in which the risk that the jury will not or cannot follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *State v. Belieu,* 288 N.W.2d 895, 901 (Iowa 1980). This is not a circumstance involving an innocuous or volunteered answer resulting in harmless error. *See State v. Trudo,* 253 N.W.2d 101, 108 (Iowa 1977). The evidence of sexual abuse was overwhelming in this case. However, we cannot say the same of the evidence of confinement sufficient to support a kidnaping conviction. The resolution of this issue was sufficiently difficult without the inflammatory distractions attending evidence of Alderman's irrelevant violent behavior and propensities. Because there is a high probability the jury's decision to convict was influenced by improper consideration of Alderman's other crimes, wrongs, or acts, this error was not harmless. *See State v. Christensen,* 414 N.W.2d 843, 848 (Iowa App.1987); *State v. Johnson,* 367 N.W.2d 319, 322 (Iowa App.1985).

Our resolution of this issue is dispositive and we need not address the remaining issues raised. The judgment of the district court is reversed and this case is remanded for new trial.

**REVERSED AND REMANDED FOR NEW TRIAL.**