**IN THE COURT OF APPEALS OF IOWA**

No. 14-0019
Filed February 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TOBY RYAN RICHARDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.

        The defendant maintains the district court abused its discretion by

admitting prior bad acts evidence.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, Michael J. Walton, County Attorney, and Elizabeth Cervantes, Assistant

County Attorney, for appellee.

        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Toby Richards appeals from the judgment and sentence following his conviction for domestic abuse assault resulting in bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2013). Richards maintains the district court abused its discretion in admitting evidence of his alleged prior bad acts at trial. Regarding the three alleged incidents of domestic abuse involving Trish Poell, we find they were relevant to a legitimate, disputed fact, there was clear proof Richards committed the prior bad acts, and the evidence was substantially more probative than prejudicial. Thus, the district court did not abuse its discretion in admitting the evidence. Additionally, although we find the alleged altercation between Richards and Poell's family was not relevant and the district court abused its discretion in admitting the evidence, we find the admission was harmless error. We affirm.

**I. Background Facts and Proceedings.**

On February 14, 2013, Richards was charged by trial information with domestic abuse assault resulting in bodily injury. Richards filed a self-defense notice.

On October 23, 2013, the State filed a notice of intent to offer evidence under Iowa Rule of Evidence 5.404(b). The State sought to admit evidence of prior uncharged acts of domestic violence perpetrated by Richards against the victim, Poell. Richards objected.

Before the hearing on the matter, Richards' attorney questioned Poell about the alleged previous instances of abuse in a deposition. Poell testified about four previous incidents. Three of the allegations involved Richards

assaulting Poell. The fourth allegation involved an altercation between Richards and Poell's family. During the deposition, Poell stated that Richards' mother witnessed some of the events and was told about others. She also stated she had photographs of some injuries resulting from the abuse, two instances resulted in the police being called and police reports being prepared, and some of the instances were witnessed by members of her family.

A hearing was held on the matter on December 3, 2013. At the hearing, Richards' attorney argued that it was not clear Richards had committed the alleged prior bad acts, arguing:

> None of the incidents complained of here resulted in any prior convictions or adjudication of any kind. None of them resulted even in any formal police reports having been filed as far as we know, at least I haven't gotten any kind of copies or anything that resulted in that. There's no corroborating evidence. These are basically bare allegations at this time . . . .

Following the hearing and the court's review of Poell's deposition, the district court found "there is clear proof that prior acts occurred. In her deposition the alleged victim claims other family members witnessed these prior acts." The court ruled that the prior uncharged instances of domestic abuse were relevant to the current charge because intent was "directly at issue." To limit the possible prejudice, the court ordered that "the State will not be allowed to elicit endless details about the prior assaults and must limit their questioning to questions that will provide short, concise answers that will only inform the jury of the prior bad acts."

At trial, Poell testified that she and Richards were in a relationship during 2012 and early 2013. During part of their relationship, they lived together and

were in engaged. Over Richards' objections that it was not relevant, the following line of questioning occurred:

> Q. Now, on or about July, end of July, beginning of August, was there an incident between you and Mr. Richards where he slapped you? A. Yes.
> Q. So there was an incident? A. Yes.
> Q. And did you remain in a relationship with him after this incident? A. Yes.
> Q. Now, in September was there an incident where he threw a cellphone at you? A. Yes.
> Q. Okay. And did you remain in a relationship with him after that? A. Yes. Can I explain why or—
> Q. Not at this point. On October 30 was there an altercation with Mr. Richards and your family at the home?
> Q. I'm sorry. I didn't hear your answer. A. Yes.
> Q. Is this the incident where you asked him to leave your residence? A. Yes.
> . . . .
> Q. Okay. And in November was there an incident where Mr. Richards threw you up against a refrigerator? A. Yes.
> Q. And did he throw you to the floor and kick you? A. Yes.
> Q. Okay. And you remained in the relationship at that point as well? A. I took a couple weeks break, but yes.
> Q. Okay. And there was no further incidences until [the incident in question], correct? A. Correct.

The prosecutor did not reference the prior acts in the closing argument. The court provided a limiting instruction to the jury, which stated:

> Evidence has been received concerning other wrongful acts alleged to have been committed by the defendant. The defendant is not on trial for these acts. This evidence must be shown by clear proof and can only be used to show motive or intent.
> If you find other wrongful acts:
> 1) occurred;
> 2) were so closely connected in time; and
> 3) were committed in the same or similar manner as the crime charged, so as to form a reasonable connection between them, then and only then may such other wrongful acts be considered for the purposes of establishing motive or intent.

The jury found Richards guilty of domestic abuse assault causing bodily injury.

Richards appeals.

**II. Standard of Review.**

The court reviews the district court's evidentiary rulings regarding the admission of prior bad acts for abuse of discretion. *State v. Reynolds*, 765 N.W.2d 283, 288 (Iowa 2009). An abuse of discretion occurs when the trial court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* If an abuse of discretion occurred, reversal will not be warranted if the error was harmless. *Id.*

**III. Discussion.**

Richards contends the district court abused its discretion when it permitted the State to introduce evidence that Richards had assaulted either Poell or members of her family four times in the past. The court ruled that the evidence was admissible to prove intent. Under Iowa Rule of Evidence 5.404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"In determining whether to admit prior-bad-acts evidence, we rely on a three-step analysis." *State v. Putnam*, 848 N.W.2d 1, 8 (Iowa 2014). To be admissible, the evidence must be (1) relevant to a legitimate, disputed factual issue, such as identity, intent, or motive; (2) supported by clear proof the individual against whom the evidence is offered committed the bad act or crime; and (3) substantially more probative then prejudicial. *Id.* at 9–10. "Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* at 9 (citing Iowa R. Evid. 5.401). "In

assessing whether clear proof of misconduct exists, the prior act need not be established beyond a reasonable doubt, and corroboration is unnecessary." *Id.* Testimony of a credible witness can satisfy the clear-proof requirement. *See State v. Jones*, 464 N.W.2d 241, 243 (Iowa 1990) (concluding the victim's testimony of prior sexual abuse was "sufficiently credibly and detailed" to constitute clear proof of the acts without corroboration). Finally, in determining whether the evidence is substantially more probative than prejudicial, we weigh a series of factors:

> [T]he need for the evidence in light of the issues and the other evidence available to the prosecution, whether there is clear proof the defendant committed the prior bad acts, the strength or weakness of the evidence on the relevant issue, and the degree to which the fact finder will be prompted to decide the case on an improper basis.

*Putnam*, 848 N.W.2d at 9–10. If the danger of the evidence's prejudicial effect substantially outweighs its probative value, the evidence must be excluded. *Id.* at 10. Because weighing the factors "is not an exact science," "we give a great deal of leeway to the trial judge who must make the judgment call." *Id.* (citing *State v. Newell*, 710 N.W.2d 6, 20–21 (Iowa 2006)).

**A. Incidents between Richards and Poell.**

Our case law demonstrates that evidence of a defendant's prior assaults on a victim is relevant to the issue of intent. In *State v. Taylor*, 689 N.W.2d 116, 125 (Iowa 2004), our supreme court recognized:

> [T]here is a logical connection between a defendant's intent at the time of a crime, when the crime involves a person to whom he has an emotional attachment, and how the defendant has reacted to disappointment or anger directed at that person in the past, including acts of violence, rage, and physical control. In other words, the defendant's prior conduct directed to the victim of the

crime, whether loving or violent, reveals the emotional relationship between the defendant and the victim and is highly probative of the defendant's probable motivation and intent in subsequent situation.

As the defendant did in *Taylor*, Richards maintained he did not have the requisite intent to injure Poell, instead claiming he was acting in self-defense. *See Taylor*, 689 N.W.2d at 124–25. We believe the alleged prior bad acts that involved Richards and Poell were relevant to a legitimate, disputed fact. *See id.* at 128 ("The defendant's prior acts of violence toward his wife, while certainly illustrative of a propensity to use violence, also reflect his relationship with his wife, which as our discussion shows, is a circumstance relevant to his motive and intent on the day in question.").

We next consider whether there was clear proof Richards committed the alleged assaultive behaviors towards Poell. "[P]roof of prior bad acts is clear if it prevents the jury from speculating or inferring from mere suspicion." *Putnam*, 848 N.W.2d at 13. A victim's "sufficiently credibl[e] and detailed" testimony constitutes clear proof without corroboration. *See Jones*, 464 N.W.2d at 243. Here, Poell gave a detailed account of the three allegations, including timing and location. She also identified individuals who could corroborate her account. This constitutes clear proof.

Lastly, we consider whether the evidence was substantially more probative then prejudicial. Here, the need for the evidence regarding Richards' intent was high, especially when we consider Richards's claim of self-defense. Additionally, the court narrowly limited the testimony the State was allowed to present on the prior acts. Poell was only allowed to answer whether certain altercations took place and when they occurred. *See Putnam*, 848 N.W.2d at 15

(indicating "that concerns about prejudice to a defendant might be eased by narrowing the scope of the prior-bad-acts evidence presented to the jury"). The district court disallowed more-detailed testimony that was more likely to evoke strong emotions in the jurors. *See id.* at 14 ("Evidence is unfairly prejudicial if it has an undue tendency to suggest decisions on an improper basis commonly, though not necessarily, an emotional one." (internal citation and quotation marks omitted)). Also, the district court gave a limiting instruction, which informed the jury of the limited purpose for which the evidence could be used. *See id.* ("[I]n most cases a limiting instruction such as this is an antidote for the danger of unfair prejudice."). After balancing the probative value of the evidence against the prejudicial impact, we cannot conclude the district court abused its discretion in admitting limited evidence of the three alleged incidents of domestic abuse involving Poell.

### B. Incident Involving Poell's Family.

We next consider the admissibility of evidence regarding the altercation between Richards and Poell's family.

> In adult abuse cases, a defendant's history of threatening or violent conduct involving *the same victim* can be especially probative. Considered in isolation, a defendant's outward conduct may be ambiguous or entirely lawful. Only by showing that history can the [S]tate establish the justifiable inference that a defendant's charged conduct was in fact intended to engender fear on the part of the victim and that the defendant knew it was likely to do so.

*Taylor*, 689 N.W.2d at 128 (citing *State v. Andrich*, 943 S.W.2d 841, 844 (Mo. Ct. App. 1997) (emphasis added)). Here, the allegation did not reference any assaultive behavior towards Poell, and we will not speculate that Richards' anger was directed at her. We do not believe the altercation between Richards and

Poell's family is relevant to show Richards' intent towards Poell. Thus, admission of the evidence at trial was an abuse of discretion. However, reversal will not be warranted if the error was harmless. *Reynolds*, 765 N.W.2d at 288.

In determining the prejudicial effect of evidence, we review the other evidence presented and weigh it against any prejudicial effect. *State v. Rodriguez*, 636 N.W.2d 234, 243 (Iowa 2001). Here, admission of the evidence was harmless. The irrelevant testimony was very limited with only one reference to an "altercation" between Richards and Poell's family. The prosecutor did not reference the alleged prior bad act in the State's closing argument. Moreover, the evidence properly admitted at trial "overwhelmingly establishes the defendant's guilt." *See Rodriguez*, 636 N.W.2d at 244.

**IV. Conclusion.**

Regarding the three alleged incidents of domestic abuse involving Poell, we find they were relevant to a legitimate, disputed fact, there was clear proof Richards committed the prior bad acts, and the evidence was substantially more probative than prejudicial. Thus, the district court did not abuse its discretion in admitting the evidence. Additionally, although we find the alleged altercation between Richards and Poell's family was not relevant and the district court abused its discretion in admitting the evidence, we find the admission was harmless error. We affirm.

**AFFIRMED.**